EDITH MILLER AND WALTER E. MILLER, *Appellants, v.* ADOLPHUS EDWARDS, *Appellee.*

### Opinion filed December 17, 1917.

Where under the statute, an answer in chancery or a portion thereof may, on motion, be stricken for insufficiency, a single order striking several portions of an answer, some of which should not have been stricken, may be reversible error.

. Appeal from Circuit Court for Lake County, W. S. Bullock, Judge.

Order reversed.

*T. B. Futch* and *J. B. Gaines,* for Appellants;

*Forrest Chapman* and *C. N. Chesshyre,* for Appellee.

WHITFIELD, J.—Edwards brought suit against appellants to enforce a mortgage lien on real estate. The defeasance clause of the mortgage contains the following:

"Provided always, that if said mortgagors, their heirs,

legal representatives or assigns, shall pay unto the said mortgagee his legal representatives or assigns, the certain promissory note of which the following in words and figures is a true copy, to-wit:

$1750.00.                    Leesburg, Fla. July 20th, 1914.

"Eighteenth day of June 1919 I promise to pay to the order of Adolphus Edwards one thousand seven hundred and fifty dollars with all costs of collection, and an attorney's fee if one shall be employed or retained after default has been made in the payment of this note at maturity. At Leesburg, Florida. Value received with interest at 6 per cent per annum from date.

Edith Miller<br>Walter E. Miller.

and shall perform, comply with and abide by each and every the stipulations, agreements, conditions and covenants of said promissory note and of this deed, then this deed and the estate hereby created shall cease and be null and void.

"And the said mortgagors, for themselves and their heirs, legal representatives and assigns, hereby severally covenant and agree:

"1. To pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note, and this deed or either, promptly on the days respectively the same severally come due. Interest payable annually. * * *

"7. If any of said sums of money herein referred to be not promptly and fully paid within thirty days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory note and this deed, or either or not duly performed, complied with and abided

by, the said aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter at the option of the mortgagee, his heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of seventeen hundred and fifty dollars was originally stipulated to be paid on such day, anything in said promissory note or herein to the contrary notwithstanding."

The bill of complaint filed December 28th, 1915, contains the following: "That said mortgage deed was and is subject to a certain condition of defeasance as follows, that if the said mortgagors, their heirs, representatives executors and administrators shall well and truly pay to the said mortgagee, his heirs, representatives, executors administrators or assigns the said principal sum named in said promissory note with the interest thereon which according to the agreement of the said parties was to be paid annually then and in that event the estate created herein should cease, terminate and be null and void. That the said sum named and described in this bill of complaint has not been paid neither has the interest thereon been paid, and the time of the payment of the interest has long since elapsed and the same is now long past due and payment has not been made though often demanded. That a copy of the said promissory note is hereunto attached and the original mortgage and marked, by your orator as a matter of convenience exhibits 'A' and 'B' respectfully and prays to be considered a part and portion of this your orators bill of complaint. That your orator is the owner of the note and mortgage described herein; that the said mortgaged deed was and is subject to another condition of defeasance which is as follows, to-wit: If any of the said sums of money herein

referred to be promptly and fully paid within thirty days next after the same severally becomes due and payable, or if each and every stipulations, agreements, conditions and covenants of said promissory note and this deed, or either are not duly performed, complied with and abided with or by the said aggregate sum mentioned in promissory note shall become due and payable forthwith or thereafter at the option of the mortgagee, his heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of seventeen hundred and fifty dollars was originally stipulated to be paid on such day, anything in said promissory note or mortgage herein to the contrary notwithstanding. That the said mortgagors have not paid or caused to be paid the interest due on said indebtedness on the 20th day of July 1915, nor within thirty days thereafter, and by default therein caused the entire indebtedness of seventeen hundred and fifty dollars to mature and become due and payable to your orator and your orator exercises the option given by the terms of the mortgage and hereby declares entire principal and interest due."

By an amended answer the defendants "deny that they had any agreement with the complainant whereby the interest on the said mortgage was to be paid annually, other than that stated in said mortgage which these defendants deny knowledge of at the time said mortgage was signed."

Among other averments of the answer are the following:

"These defendants answering further the second paragraph of the said bill of complaint and specifically that portion thereof which reads as follows: 'That your orator is the owner of the note and mortgage described

hrein' deny that the complainant, the asid Adolphus
Edwards is the owner of either the note or mortgage
described in said bill of complaint but state the facts
to be that on the third day of April, A. D. 1915, the
complainant, the said Adolphus Edwards, by his certain
contract in writing assigned the said mortgage and note
and endorsed the said note to one S. E. Walker for the
consideration of $1,000.00; which said assignment is of
record in the Public Records of Lake County, Florida,
in the office of the Clerk of the Circuit Court at Tavares
in Assignment Book No. 1 on page 540, a certified copy
of which is attached hereto as 'Exhibit A' and made a
part of this answer. That the title in and to the said
mortgage and note is in the said S. E. Walker and not
in the complainant, and complainant has no right to
maintain this action, the said S. E. Walker being a
proper and necessary party thereto.

"These defendants further deny that the complainant
exercised or attempted to exercise any option to declare
the whole sum due and payable for the reason that the
complainant was not at that time and is not now the
owner of said note and mortgage, but alleges the facts
to be that the complainant before that date, to-wit: on
the third day of April, 1915, assigned the said note and
mortgage to one S. E. Walker for a valuable considera-
tion and the said S. E. Walker was, on the date when
complainant claims to have exercised said option, the
owner of said note and mortgage and the complainant
was without interest in said note and mortgage and
could exercise no option thereover whatever."

The assignment of the note and mortgage referred to
in the answer was "to secure the payment of a note
dated July 20th, 1914, for the sum of seventeen hundred

and fifty dollars and interest from date at six per cent. Together with the bond or obligation therein described and the money due and to grow thereon with the interest. To have and to hold the same unto the said party of the second part, his executors, administrators and assigns, for the term of 2 years as collateral security for the sum of one thousand dollars at eight per cent. per annum payable anually."

A motion to strike the portions of the answer above set out was granted, and it was ordered "that the complainant do have ten days to file an amended bill of complaint and to make S. E. Walker a party defendant and to serve the defendant solicitor with a copy of the bill as amended and that he shall have ten days after such service to plead thereto.    Further ordered that complainant may make any other parties who claim any interest in the said note and mortgage and the lands parties defendant and to be served with copies of the amended bill." Defendants appealed from this interlocutory order.

The first portion of the answer above quoted was not sufficient as a denial of the allegations of the bill based on the covenant of the defendants that the interest is payable annually.

Section 3 Chapter 6907 Acts of 1915, contains the following:

"If an answer sets up an affirmative defense, set-off or counter claim, the plaintiff may, upon five days' notice, or such further time as the court may allow, test the sufficiency of the same by motion to strike out. If found insufficient but amendable, the court may allow an amendment upon terms or strike out the matter."

The first quoted portion of the answer was "insufficient

but amendable," and the court will not be held in error for striking it, though an amendment upon terms was permissible. As the other portions of the answer that were stricken sufficiently show the absence of a neces- sary party complainant, such portions should not have been stricken. The single order striking all of the sev- eral quoted portions of the answer is erroneous and is reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.