CAIN A. CAMPBELL, *Appellant*, v. THE A. L. WILSON COMPANY, A CORPORATION, *Appellee*.

Opinion filed January 4, 1918.

Under the statute allowing an answer in chancery or a portion thereof setting up an affirmative defense to be tested for sufficiency "by motion to strike out," a motion to strike should not be granted when the matter sought to be stricken is not wholly insufficient.

Appeal from Circuit Court for Gadsden County, C. L. Wilson, Judge.

Order reversed.

*Jos. A. Edmondson*, for Appellant;

*Watson & Wright*, for Appellee.

WHITFIELD, J.: Appellee brought a bill in equity against the appellant for the partition of described 80 acres of land, the bill alleging that the property was conveyed by Green Ball and wife to Cain A. Campbell and J. P. Campbell jointly, each being "deeded an undivided interest therein;" that complainant is the owner of a one half undivided interest therein and derived title thereto at a judicial sale of the interest of said J. P. Campbell therein on the 6th day of October, A. D. 1914, made by G. S. Gregory, Sheriff of Gadsden County, Florida, by virtue of an execution against said J. P. Campbell, and that your orator was the purchaser at said Judicial sale, and the said G. S. Gregory, Sheriff as aforesaid, deeded said land to complainant."

The defendant Cain A. Campbell filed an answer as follows:

"That he is the absolute owner in fee simple of the lands described in said bill, except one quarter of an acre in the form of a square in the northeast corner thereof; that the complainant is not the owner of an undivided one half or other interest in and to said land; that the complainant did not acquire any title or interest in and to said land at a judicial sale on the 6th day of October, 1914, or at any other time, as alleged in said bill; and that the defendant admits that G. S. Gregory, Sheriff of said County, attempted to deed to the complainant an undivided one half interest in and to said land.

(2)

"This defendant further answering says that no person other than himself has any interest, title or estate in and to said land or any part thereof, except the said one quarter of an acre; and that the defendant is the exclusive and absolute owner of said land, except the said one quarter of an acre thereof.

(3)

"This defendant further answering that: That heretofore, to-wit: On the 25th day of October, 1906, Green Ball and Francis A. Ball, his wife, made, executed and delivered to the defendant their certain deed, dated October 25th, 1906, whereby they intended to grant, bargain and sell unto the defendant, his heirs and assigns, forever, the said land; and that by the mistake of the party who prepared the said deed, one Jerry P. Campbell, the Father of defendant, was named and described therein as one of the grantees.

(4)

"This defendant further answering says that imme-
diately after the execution and delivery of said deed this
defendant ousted the said Jerry P. Campbell from the
possession of said land, except the one quarter of an acre,
with the full consent and knowledge of the said Jerry P.
Campbell; and that this defendant ever since the 25th day
of October, 1906 has been in the exclusive, open, notorious,
hostile, continuous and adverse possession of said land,
except the said one quarter of an acre, under claim of
absolute title therein, to the exclusion of all others claim-
ing any right, title or interest therein.

(5)

"This defendant further answering says that for about
the period of two years prior to the 25th day of October,
1906, he rented said land from the said Green Ball, at the
yearly rental of Fifty ($50.00) Dollars; that at the time
this defendant rented the said land as aforesaid, there
were about thirteen acres thereof cleared; that there were
no buildings or other improvements on said land at the
time this defendant rented said land, as aforesaid, except
the west and south sides thereof were enclosed by a sub-
stantial fence; that during the time he rented the said
land, he cleared thirteen acres thereof for cultivation, and
built thereon three acres of tobacco shade, a tobacco barn
and a dwelling house; that during the first year after the
execution and delivery of said deed, he cleared up about
nine acres of said land for cultivation; that during the
year 1900 or thereabouts, he built two additional acres of
tobacco shade on said land; that he has cultivated every
year since the 25th day of October, 1906, not less than
twenty-five acres of said land; that about forty-five acres

of said land  is timbered; that  since the  25th  day of
October, 1906, he has continuously used the timbered part
of said land for the supply of fuel, or of fencing timber,
or of building timber, or of tool timber, or of some other
such uses for the purposes of husbandry and the ordinary
use of this defendant; and that during the time that he
has occupied, used, and cultivated said lands, as afore-
said, he has claimed and still claims  the absolute title
thereto in fee simple, except as to the said  one quarter of
an acre.

(6.)

"This defendant further answering says that after the
execution and delivery of said deed, he made a verbal gift
to the said Jerry P. Cambell of the said one quarter of an
acre; and that in or about the year 1909 the said Jerry P.
Campbell went into possession of the said one quarter of
an acre, and built thereupon a church and a school house;
and that he has been in the possession of said one quarter
of an acre ever since, under claim of title.

(7)

"This defendant further answering says that all of said
buildings, the said tobacco shade, all improvements on
said land, and all that part of  said land  which has been
cleared for cultivation, except  about  ten acres, more or
less, which has been cleared in the south half of said land,
lie in the north half thereof."

On motion the chancellor struck paragraphs 3, 4, 5, 6
and 7 of the answer and  the  defendant  appealed from
such order.

Section 3 of Chapter 6907, Acts of 1915, "relating to
answers in chancery" provides:

"If an answer set up an affirmative defense, set-off or

counter-claim, the plaintiff may, upon five days' notice, or such further time as the Court may allow, test the sufficiency of the same by motion to strike out.    If found insufficient but amendable, the Court may allow an amendment upon terms or strike out the matter."

Prior to this enactment a pleading was not subject to a motion to strike unless it was wholly irrelevant or otherwise improper.  Ray v. Williams, 55 Fla. 723, 46 South. Rep. 158; Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801.

This section allows "the sufficiency" of an answer in equity causes setting up an affirmative defense to be tested "by motion to strike out;" but it expressly provides that if the answer is "found insufficient but amendable, the court may allow an amendment upon terms or strike out the matter."  Amendment should be allowed when it would further the ends of justice.   See Oneida Land Co. v. Richard, et al., 73 Fla. 884, 75, South Rep. 412; Ezabo v. Speckman, 73 Fla. 374, 74, South. Rep. 411.

The stricken portions of the answer are not wholly insufficient.   They contain averments under which title in the defendant by adverse possession without color of title may be shown, even against a cotenant, to at least a portion of the land under section 1722, General Statutes of 1906; it was therefore, harmful error to strike such portions of the answer.

The order appealed from is reversed.

BROWN, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.