Margaret S. Perry, a widow, personally, and as Administratrix *Cum Testamento Annexo* of the Estate of Line Starke, v. C. M. Farber and Lodie E. Farber, as Executrix and heir of the Estate of Julius E. Farber.

155 So. 839.
Division A.
Opinion Filed June 13, 1934.
Rehearing Denied July 17, 1934

*Fred J. Hampton* and *Birkett F. Jordan,* for Appellants;
*O. S. Thacker,* for Appellee.

PER CURIAM.—The bill of complaint in this case alleged that Mrs. Lina Starke having died leaving a will validly disposing of her personal estate in part for the benefit of complainants, that the defendant, Margaret S. Perry, a daughter of the testatrix, by reason of her handling of funds in the testatrix's behalf, had become subject to a duty to account therefor in her personal capacity to herself as the duly appointed and qualified administratrix *cum testamento annexo* of her mother's will, and relief and by way of accounting and discovery (in that behalf was accordingly prayed. This appeal is from a final decree finding the defendant below liable to an accounting for an indebtedness in the sum of $4,200.00 which the chancellor found that she should have listed as an asset of her mother's estate, as well as for the additional sum of $3,400.00 which was found to have been improperly paid to herself out of the estate after she had become qualified as administratrix *cum testamento annexo* of the Line Starke will.

Three answers to the bill were interposed by the defendant. The original answer and an amended answer were, for the most part, stricken. The chancellor thereafter refused permission to the defendant to file a second amended answer. Whereupon, the complainant having set the cause down for final hearing upon the bill and what

was left of the original and amended answers, the court entered a final decree in favor of complainant, which was the equivalent of money judgment against her for the two disputed items of $4,200.00 and $3,400.00.

The court erred in striking that portion of the defendant's answers relating to the item of $4,200.00. The issue presented was whether or not the $4,200.00 in dispute ever was a part of the estate of Mrs. Starke over which the defendant had become the qualified administratrix. It was admitted by the pleadings that this $4,200.00 had been paid over by the testatrix to Mrs. Perry at least a year before testatrix' death.

The answer of defendant as to the $4,200.00 item admitted receiving the sum of $4,200.00 as alleged in the bill of complaint, but denies that said $4,200.00 was thereafter the money of testatrix. On the contrary, the answer avers in terms that the said sum of $4,200.00 was paid over to defendant by testatrix during her lifetime and that it was "in truth and in fact her money" which she did not report as belonging to the estate because it was no longer a part of the testatrix' estate at the time of testatrix' death.

The amended answer was even more emphatic on this point. The material averments as to said item were as follows:

"This defendant admits receiving Forty-two Hundred ($4,200.00) Dollars from the testatrix, but denies that the said $4,200.00 was the money of the testatrix and denies that it was received as alleged in said paragraph; denies that there were any further moneys received. Further answering said paragraph V this defendant alleges that the said $4,200.00 was paid to this defendant by her mother during her lifetime; that this defendant took said money and held same under claim of right, claiming to be the

owner of said money, and that at the death of the said mother, this defendant continued to keep said money as her own, which was in truth and in fact her money. This defendant did not report said money as belonging to the estate, as it did not belong to the estate, which fact was well known to the complainants herein."

Under the specific allegations made in the complainant's own bill, the true ownership of the $4,200.00, as of the date of testatrix' death, was a material fact to be established in the case before any just decree could be rendered. Those portions of the answer which the chancellor struck put the question of ownership directly in issue, and that issue should have been determined according to evidence, and not summarily in a final decree rendered on bill and answer alone, after a material portion of the answer had been stricken.

A single order striking several portions of an answer, some of which should not have been stricken, is reversible error (Miller v. Edwards, 74 Fla. 533, 77 Sou. Rep. 231), unless the defendant has had or can have other portions not stricken, all of the benefits of his stricken defense, in which case the error is rendered harmless. Loomis v. Dubois, 82 Fla. 293, 89 Sou. Rep. 804.

The allegations of the answer relating to the item of $3,400.00 were properly stricken and it was not error for the court to deny the defendant leave to file a second amended answer which was in effect nothing more than a reiteration of the other two previous answers. See Wilton v. County of St. Johns, 98 Fla. 123, Sou Rep. 527, 65 A. L. R. 488. The demurrer incorporated in the answer to the bill was properly overruled, it appearing that circumstances justifying an accounting had been properly pleaded

in complainants' bill which set up a relationship of trustee toward complainants.

For the error in striking the material portions of the answer relating to the $4,200.00 claim, the final decree is reversed for appropriate proceedings. Otherwise the holdings of the chancellor are approved as correct.

Reversed and remanded for appropriate proceedings.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.