LAURA HOPKINS v. MARGARET C. MILLS.

156 So. 532.
Opinion Filed September 19, 1934.

*Gordon R. Broome,* for Appellant;
*Walsh, Beckham & Ellis,* for Appellee.

DAVIS, C. J.—This is an appeal from four interlocutory orders entered in a foreclosure case wherein Margaret C. Mills was complainant and the appellant, Laura Hopkins, was defendant. By one of the orders appealed from, the Chancellor struck paragraph 3 of the defendant's amended answer. This paragraph set up a specific series of allega-.

tions constituting a charge that the mortgage sued on had been obtained by complainant under false representations, and by fraud and deceit, which in law destroyed the reality of the mortgagor's consent to some features of the mortgage in controversy. Complainant's motion to strike admitted the allegation of the third paragraph of the answer to be true for the purpose of disposing of the motion.

If the matters contained in an answer in an equity cause are relevant, or can have any influence in the decision of the subject matter of the controversy, the answer is not impertinent and should not be stricken out of motion. Internal Imp. Fund v. Root, 63 Fla. 666, 58 Sou. Rep. 371; Jones v. Hiller, 65 Fla. 532, 62 Sou. Rep. 583; Cummer v. Yager, 75 Fla. 729, 79 Sou. Rep. 272. A motion to strike a part of an answer should be denied unless the part sought to be stricken is wholly insufficient. Campbell v. Wilson Co., 74 Fla. 608, 77 Sou. Rep. 540. A single order striking several portions of an answer, some of which should not have been stricken, may be reversible error. Miller v. Edwards, 74 Fla. 533, 77 Sou. Rep. 231.

The third paragraph of the amended answer which is part of what the court ordered stricken out in this case, in effect set up in issuable form the allegation that the complainant at the time the defendant executed the mortgage fraudulently misled her, a woman then suffering from a nervous breakdown and under the influence of opiates, into believing the mortgage she was executing covered only certain lots previously mortgaged to Dade County Security Company, whereas in truth and in fact it was so drawn as to cover an additional lot not intended to be included. Such allegations if sustained by proof would warrant the Chancellor in denying a foreclosure on the additional property and therefore the allegations of the answer to this extent are within the rule that they should not be stricken where they can

have any influence on the decision of the subject matter— in this case, on the foreclosure sought as to lot 38 of Block 10 of Highland Park, which is claimed to have been wrongfully included in the mortgage through fraud and misrepresentation.

Where a written contract, conveyance or discharge owing to the fraud or misrepresentation of one party and the mistake of the other, fails to express the agreement which they had manifested an intent that the writing should express, the latter can get a decree for reformation of the writing, unless precluded by the Statute of Frauds. American Law Institute Restatement of the Law of Contracts, Sec. 491, page 936. By the same token a party can defend in equity against a mortgage foreclosure on the identical ground that would afford cause for a reformation of the writing in equity were the defendant a complaining party seeking that form of relief as a remedy.

The Court finds error as to that provision of the order of January 13, 1932, striking the third paragraph of defendant's amended answer filed January 2, 1932. In all other respects the Court finds the several orders appealed from free from error and affirms the same.

Reversed in part and affirmed in part in accordance with opinion.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.