51 So.2d 182 (1951)
BLUMBERG et al.
v.
AMERICAN FIRE & CASUALTY CO. et al.
Supreme Court of Florida, Special Division B.
March 9, 1951.
*183 Smith & Petteway, Lakeland, and Wendell C. Heaton, Tallahassee, for appellants.
D.M. Martin, Plant City, for appellee.
TERRELL, Justice.
The claimant, Barney Kitchens, filed a claim for workmen's compensation against Harry Blumberg as employer. The appellee, insurance carrier, declined to pay the claim. The deputy commissioner held that the policy did not cover Blumberg, the individual, and required him (Blumberg) to pay the claim. On appeal the Industrial Commission reversed the deputy commissioner and held that the policy covered Blumberg as an individual. The Circuit Court reversed the Industrial Commission. This appeal is from the order of the Circuit Court reversing the order of the Industrial Commission.
The point for determination is whether or not the policy as written and delivered by the insurance carrier covered Blumberg as an individual or was it limited in coverage to his corporation.
The deputy commissioner and the Circuit Court made no findings of fact but held in effect that the policy as written did not cover Blumberg the individual. The Industrial Commission reviewed the evidence and made extensive findings of fact, the pertinent part of which is as follows:
"* * * the facts in the present case indicate that the parties, that is Harry Blumberg and the agent of the carrier, James E. Dillinger, intended the coverage in this instance to be for Harry Blumberg in all of his operations, and not the operations of the corporation. * * * In addition, the Commission is of the opinion that, in the event the Courts should hold that the policy by its terms does not cover the operations in question, such policy should be reformed to express the intent and agreement of the parties; namely, that all employees of Harry Blumberg, the individual, were covered by compensation insurance.'
The policy, No. WC 32220, was written at the request of Harry Blumberg by the agent of the carrier and covered the period, "August 11, 1949 to August 11, 1950." It insured "Harry Blumberg, d/b/a B & S Fruit Company. Individual, co-partnership, corporation  or estate? Corporation." It described the classification as "Orchards and Vineyards  other than in-servants  all operations  including Fruit Picking and Drivers, Chauffeurs and their Helpers." The policy also contained standard form "undescribed operations endorsement" and named Harry Blumberg without further description.
Despite the fact that some of the evidence was in conflict the Industrial Commission found that "* * * Harry Blumberg and the Agent of the Carrier, James E. Dillinger, intended the coverage * * * to be for Harry Blumberg in all his operations, and not the operations of the corporation." The Industrial Commission also found that the corporation was inactive and had been for some time, that Harry Blumberg owned extensive groves, including town and other rental properties which he administered individually and was doing so at the time the policy was written, that this was known to the insurance carrier because it audited the books of Blumberg, the individual, to arrive at the premium charge on the policy.
It may be that the terms of the policy are ambiguous but that is not necessarily material if the ambiguity can be explained. It is admitted that at the time Kitchens was injured he was working on a filling station that belonged to Blumberg and his wife as tenants by the entireties but it was in charge of Blumberg; Kitchens was working for Blumberg and it was one of Blumberg's collective properties. This Court is committed to the doctrine that the husband is the sole custodian of property held by the entireties under such *184 circumstances. Socicero v. National Union Co. of Pittsburg, Pa., 90 Fla. 820, 106 So. 879. Insurance policies are prepared by the insurance company and, as in this case, the insured may never read them unless some controversy arises as to their coverage. The law does not require him to do so. Cyclopedia of Insurance Law (Couch), Vol. 6, Section 1391, page 4987.
The deputy commissioner and the trial court were of the view that the policy did not cover the property on which Kitchens was injured and that if a mutual mistake or fraud was committed in its preparation, that was a matter to be corrected by court decree. As a general rule this is true but there are conditions that determine when a mistake is mutual. There is no suggestion of fraud here. A mistake is mutual when it is shown that the parties agreed on one thing and when they put it in the contract they said something different. The Industrial Commission found that Blumberg and the agent of the carrier intended to insure all of Blumberg's operations. There was, in other words, no mistake in the agreement but such mistake as was committed was done by the scrivener in reducing the policy to writing. Mistakes like this may be corrected by the Industrial Commission. Williams v. North German Insurance Co., C.C., 24 F. 625.
As heretofore pointed out, neither the deputy commissioner nor the Circuit Court made any findings of fact but construed the policy to be so ambiguous that it would have to be reformed by court decree. The Industrial Commission made extensive findings of fact and found from the evidence that the ambiguity was not a mutual mistake but that it was a mere misprision committed by the scrivener in reducing the instrument to writing. There is ample showing in the record to support this conclusion and when that is the case the finding of the Industrial Commission should be affirmed. Sonny Boy's Fruit Co. v. Compton, Fla., 46 So.2d 17; Cook v. Henry C. Beck Co., Fla., 48 So.2d 743.
In the briefs of counsel and in the findings of the Industrial Commission much is said about the scope and effect of Section 440.41, F.S.A. and its authorization for the Industrial Commission's holding. It appears that this statute was paterned from the New York Workmen's Compensation Act and that the courts of that state have held that the Industrial Commission has power to interpret a policy under the circumstances shown in this case. Skoczlois v. Vinocour, 221 N.Y. 276, 116 N.E. 1004; Employers' Liability Assurance Corp. v. Matlock, 151 Kan. 293, 98 P.2d 456, 127 A.L.R. 461; Maryland Casualty Co. v. Industrial Commission, 198 Wis. 202, 221 N.W. 747, 223 N.W. 444; Employers' Liability Assurance Corp. v. Industrial Commission, 177 Cal. 771, 171 P. 935.
The concluding sentence of Section 440.41 provides that "any requirement by the commission, or any court under any compensation order, finding, or decision shall be binding upon the carrier in the same manner and to the same extent as upon the employer." Whether this provision would authorize the Industrial Commission to correct a mutual mistake, we are not required to decide, and express no opinion at this time. We do hold that when the evidence shows the intent of the parties to an insurance contract and the scrivener fails to express that intent, or does so ambiguously, the Industrial Commission has power under Section 440.41 to interpret the contract to express the intent of the parties when it was made. The language of the latter statute authorizes this, it synchronizes with other provisions of the Act and makes it more effective.
It follows that the decree appealed from must be and is hereby reversed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.