MAXWELL, OLIVER Q, Associate Judge.
*370 This is an appeal from a decree reforming a deed from appellant to appellee which was executed as a result of a stipulation between the parties in a divorce suit; the stipulation having been approved by decree of divorce entered on November 2, 1962. The instant suit was filed on August 19, 1964.
The suit involves property which constituted the homestead of the parties when they were husband and wife. The property involved consists of lots 36 through 41, Eloclc A in Beach Estates No. 2 and lots 23 through 38, inclusive, of Block A in Cutlass Cove Section of Port Royal in Collier County, Florida. The Beach Estate lots were on the Gulf of Mexico and the Cutlass Cove lots were adjacent to the Beach Estates lots on the east. The only access, by existing road, was from Gordon Drive which abuts the Cutlass Cove lots on the east; although, the plat showed a road, Bay Road, at the south of the Cutlass Cove lots, which runs to the Beach Estates lots. This road exists only on the plat and there is conflict in the record as to whether there was ever an acceptance of this dedication.
A home was constructed on the north end of the Beach Estates lots and a smaller guest house was constructed on the northern end of the Cutlass Cove lots and a drive-way constructed across the Cutlass Cove lots to the guest house and main dwelling from Gordon Drive. The dwelling house has a street address on Gordon Drive.
The property was originally acquired by a corporation owned by H. B. Watkins, but, at the insistence of the appellee, was transferred to the parties as tenants by the entirety. The evidence is clear that, during the marriage of the parties, the entire property was used as their homestead.
In 1962 the parties, being separated, negotiated a settlement of the property affairs and child custody. Appellee was represented by Mr. George Vega and Appellant by Mr. William Sheppard, Jr. These negotiations were protracted and continued throughout most of 1962. Several proposals were made by the attorneys for their respective clients respecting the homestead. On one occasion appellant proposed to purchase appellee’s interest in .the property. This was rejected. There was also a proposal to divide all of the homestead property on an east to west line, affording each property frontage on the Gulf of Mexico and also on Gordon Drive. There was never a proposal to divide the property on an east and west basis or on a Beach Estates and Cutlass Cove basis.
The last proposal, from Mr. Sheppard to Mr. Vega contained in Mr. Sheppard’s letter dated September 28, 1962, contained eight paragraphs, purportedly covering a complete settlement; the second paragraph reading:
“2. Mr. Watkins to convey to Mrs. Watkins all of his interest .in the home including all of the land and all of the furnishings except personal effects of Mr. Watkins and his mother’s silver.”
This letter opened with a statement referring to the settlement efforts and that further negotiations would be useless. Counsel then stated that he was “submitting a final settlement offer-not subject to negotiation.” There followed the eight points mentioned including the one above quoted relating to the “home property.” The last paragraph of the letter limited acceptance to October 8, 1962.
Under date of October 11, 1962 Vega wrote Sheppard discussing the points suggesting certain changes in some items but stating, “2. Mrs. Watkins accepts paragraph 2.” The testimony is vague as to what subsequently transpired except that a stipulation was prepared in the office of Mr. Sheppard, purporting to settle the controversies between the parties. It was styled in the case of FI. B. Watkins, Plaintiff vs. Luise J. Watkins, Defendant, in the Circuit Court of Hendry County, Florida, in Chancery. With respect to *371 the dwelling house, the stipulation provided :
“2. Plaintiff shall convey to the defendant the home of plaintiff and defendant located at 4540 Gordon Drive, Naples, Florida together with certain personal property relating ■ thereto; all as detailed in, and in accordance with a specimen deed attached hereto as Exhibit C and made a part hereof as if set forth in full in this Stipulation.”
The specimen deed attached was from H. B. Watkins to Luise J. Watkins and included only the lots in Beach Estates. It did not include the lots in Cutlass Cove.
This stipulation was signed by both parties under date of October 31, 1962 and a Final Decree of divorce was entered on November 2, 1962 in which the stipulation was approved and ordered recorded together with all exhibits attached thereto. Deed was executed and delivered to the wife conveying only the Beach Estates lots.
Subsequently the appellee tried to sell a portion of the property and learned she did not have exclusive title to the Cutlass Cove lots. On August 19, 1964 she filed this suit to reform the deed to include the Cutlass Cove lots and also seeking compensatory damages. The Amended Complaint was in two counts. Count one was based on inadvertence or mutual mistake. This was the only count that remained after motions. The answer essentially consisted of denials and alleged that the specimen deed accurately described the property agreed to be conveyed.
After taking testimony the Court entered an order reforming the deed as sought by appellee and denied appellee’s prayer for compensatory damages. The only findings made by the Chancellor were that the Court:
“ * * * finds that the equities of this cause are with the plaintiff, and further finds that the original stipulation between the parties, filed as evidence in this cause contemplated that the property sought by the plaintiff in this suit would be conveyed to the plaintiff pursuant to such stipulation.”
From this decree appellant appeals charging that there was no mutual mistake or insufficient evidence on which the Court could base a decree of reformation on mutual mistake. The appellee cross assigned as error the refusal of the Court to award compensatory damages. Appellant urges error on the proposition that mistake, in order to justify reformation, must be mutual and common to both parties; and that a unilateral mistake by one of the parties is no basis for reformation of the deed. Where an instrument is written as one party understands it, and not as the other party understands it, there is no ground for reformation. Horne v. J. C. Turner Cypress Lumber Co., 1908, 55 Fla. 690, 45 So. 1016; Indian River Manufacturing Co. v. Wooten, 1908, 55 Fla. 745, 46 So. 185; Hopkins v. Mills, Fla.1934, 116 Fla. 550, 156 So. 532; Blumberg v. American Fire and Casualty Co., Fla.1951, 51 So. 2d 182, and 45 Am.Jur. Reformation of Instruments, Sec. 78 p. 631.
In a suit for reformation much stronger and clearer evidence is required than in an ordinary action for damages. 5 Fla. Jur. Cancellation, Reformation, etc., § 98. A preponderance of evidence is not sufficient, but the evidence must be clear and convincing. Bell Corp. v. Bahama Bar and Restaurant, Inc., Fla. 1954, 74 So.2d 292; Robinson Paint & Lumber Co. v. Johnson, Fla. 1912, 63 Fla. 562, 58 So. 841; Crosby v. International Investment Co., Fla.App.1958, 101 So.2d 15, quoting Pomeroy, Equity Jurisprudence, that the proof must be “beyond a reasonable doubt.” But see Goodstone v. Shamblen, Fla.App.1952, 141 So.2d 8, where the Court stated that the quotation from Pomeroy was dicta;
“To clear the matter up, however, we hereby recede from any intimation in *372 Crosby that the character of the evidence required in cases involving reformation on the ground of mutual mistake must be other than clear and convincing amounting to satisfactory proof that a mutual mistake has in fact been made.”
Was, then, the evidence before the Chancellor clear and convincing and amounted to satisfactory proof that a mutual mistake was in fact made? We are of the opinion that it was. The appellee thought she was getting the entire property. Her attorney thought so. Appellant’s attorney, who drew the deed, did not know where he got the description placed into the deed but in answer to an interrogatory.
“Do you have any reason why lots 23 through 28 inclusive, of Block ‘A’, Cutlass Cove Section, Port Royal, according to plat thereof at Plat Book 1, page 101, of the current Public Records of Collier County, Florida, was not included in the attached deed? If so, what were the reasons?”
Answered; . “No.”
Through months of negotiations the property was treated as a unit and there was never any discussion of an east-west division. The negotiations clearly indicate that the purpose of the settlement was to place all properties of the parties in such a position that they would have no joint ownership of property under joint control.
The appellant testified that he did not give the description to his attorney; nor did he discuss the contents of the stipulation with his attorney when it was given to him for signature. He did testify that when he read the stipulation he recognized the fact that the Cutlass Cove property would remain in the name of both parties as tenants in common, but he was evasive in this testimony. The Chancellor had the right to disbelieve this testimony. While he made no specific finding on this fact, a finding is implicit in the finding he did make, in stating that the stipulation of the parties contemplated that all of the property would be conveyed to appellee.
There is no merit in the Cross-assignments of Error.
The Order appealed from is affirmed.
SHANNON, Acting C. J., and PIERCE, J., concur.