## DANSON v. GEORGE WASHINGTON LIFE INSURANCE CO.

No. 69-8823.

Circuit Court, Duval County.

April 24, 1972.

E. K. McIlrath, Jacksonville, for the plaintiff.

John F. Fannin of Milam, Martin & Ade, Jacksonville, for the defendant.

CHARLES A. LUCKIE, Circuit Judge.

*Final judgment:* This action arises out of a life insurance contract and family income rider issued by the defendant George Washington Life Insurance Company on February 12, 1957, insuring the life of the plaintiff's deceased, Ralph E. Danson. Upon Danson's death on July 14, 1969, the plaintiff, who was the beneficiary of the contract and rider, presented her claim in August of 1969 to the insurance company. The family income rider, in part, contains the following language —

> This Provision grants additional insurance and provides for the manner of settlement of the entire proceeds under said policy (exclusive of Additional Indemnity for Death caused by Accidental Means, if any) in event of the Insured's death prior to

> hereinafter called the Expiry Date. The settlement provisions hereof supersede and take the place of all prior settlement agreements and will be rendered void by any subsequent change in the manner of settlement.

The rider further provides that upon the death of the insured the company would pay to the beneficiary a monthly income of $200 per month on the first day of the policy month following the death of the insured and continuing on each month thereafter with the last monthly payment to be made on the "Expiry Date". A final payment of $10,000, which is not in controversy, also would be payable on the expiry date.

The plaintiff contends that the family income rider is complete and that she should receive $200 per month as family income until July 1, 1989, or twenty years following the insured's death. The defendant insurance company contends that the expiry date of the family income rider should have been typed in the space provided as the twentieth anniversary date of the policy, or February 12, 1977, but because of its clerical error, it was not so typed.

The insurance company declined to accept the plaintiff's contention regarding the expiry date, and the plaintiff filed suit in the small claims court of Duval County for payment of the first $200 installment due under the family income rider. The company counterclaimed for reformation of the family income rider, and the action was transferred to the circuit court on October 31, 1969. After an interlocutory appeal to the First District Court of Appeal and a subsequent petition for writ of certiorari to the Florida Supreme Court, the action returned to this court for trial.

Evidence was received on final hearing April 21, 1972, and testimony regarding attorney's fees was heard April 23, 1972. Upon the evidence and testimony received the court finds as follows —

(a) The deceased Ralph E. Danson was a licensed life insurance agent of the defendant insurance company at the time the insurance policy and family income rider involved herein was applied for and issued.

(b) The date at which time the payable benefits under the family income rider ceased was intended by the parties thereto to be the twentieth anniversary date of the policy, or February 12, 1977.

(c) Through a clerical error the expiry date was not inserted or typed into the rider itself, but it clearly appears on the defendant's worksheet and in the insurance rate book applicable to such contract.

(d) The clerical error in the issued rider, which was in the possession of the insured, was not brought to the attention of the company until after the insured's death, and then the company acted promptly to correct the error.

(e) Two qualified actuaries appeared as expert witnesses and testified, without contradiction, that taking into consideration the language of the rider, the premium payment, the premium and benefit schedules appearing in the rate book, and other considerations there should have been a February 12, 1977 expiry date inserted in the family income rider.

(f) Other than the matter of attorney's fees and costs, the issues raised by the plaintiff's complaint are moot.

(g) The plaintiff's attorney is entitled to an attorney's fee for certain services rendered on behalf of the plaintiff.

Upon the foregoing findings of fact, which have been outlined in summary fashion, the court finds that the defendant company is entitled to a judgment reforming the family income rider to include an expiry date of February 12, 1977 because of a clerical or scrivener's error.

If mutual mistake is committed in the preparation of an insurance policy it is a matter to be corrected by court decree. Blumberg v. American Fire & Casualty Company, 51 So.2d 182 (Fla. 1951). A mistake is mutual when it is shown that the parties agreed on one thing and when they put it in the contract they said something different. *Id.* at 184. The mistake that equity relieves against has reference to intention; it seeks to make the instrument speak the mutual intention of the contracting parties. It is not essential that the mistake in reducing the agreement to writing was mutual. 76 C.J.S., *Reformation of Instruments,* §25 at 349; see Watkins v. DeAdamich, 187 So.2d 369 (Fla. 2nd D.C.A. 1966).

The plaintiff's defense of laches is not supported adequately by the evidence. To render the defense of laches effective, the delay must be such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy and thus make the doing of equity either doubtful or impossible. Cone v. Benjamin, 27 So.2d 90, 105 (Fla. 1946). In this action there was ample testimonial and documentary evidence to justify the remedy of reformation.

Upon consideration, it is adjudged — (1) The family income rider forming a part of the George Washington Life Insurance Policy No. 92800 is reformed to correct the clerical error and should henceforth contain an expiry date of February 12, 1977. (2) The plaintiff shall have and recover from the defendant as reasonable attorney's fees the sum of $3,000. (3) The court retains jurisdiction for the purpose of awarding any proper costs.