### SESSA v. SIMBARI
Case No. 80-3117 CA(L) 01J
Fifteenth Judicial Circuit, Palm Beach County
June 1, 1982

Paul Thibadeau, for plaintiff.

Marvin Nodel, for defendant.

Gary Zwickel, as court appointed guardian ad litem for Jennifer Simbari.

VAUGHN J. RUDNICK, Circuit Judge

This cause came before the court for trial in the presence of Leonard Sessa, as Trustee, plaintiff, Elfrida Jane Kerbey Simbari, individually, as trustee for Jennifer Simbari, and as natural guardian for Jennifer Simbari, defendant, and Gary Zwickel, court appointed guardian ad litem for Jennifer Simbari, a minor.

Based upon the evidence and testimony received at trial, the argument of counsel, memoranda of law submitted and citations of authority, the court makes the following findings of fact which have been established by clear and convincing evidence:

1. On April 26, 1977 Abraham Weiss and Virginia Weiss, (neither of whom is a party to this law suit), conveyed a parcel of realty by warranty deed (The Weiss Deed) to Elfrida Jane Kerbey Simbari, trustee for Jennifer Simbari. The deed did not require the trustee to discharge any affirmative duties and, pursuant to the Statute of Uses, F.S.689.09, both legal and equitable title vested in Jennifer Simbari.

2. On May 24, 1977 Elfrida Simbari executed and recorded a Declaration of Trust upon the realty with herself as trustee and her daughter, Jennifer Simbari, as beneficiary. The declaration provided that the trustee would hold the property and income for the beneficiary and transfer the trust corpus only at the direction of the beneficiary, her guardians, personal representatives, administrators or assigns. The Declaration of Trust did not require the trustee to discharge any affirmative duties, and, therefore, pursuant to the Statute of Uses, both legal and equitable title vested in Jennifer Simbari.

3. Jennifer Simbari was born on January 7, 1969 and is now thirteen years old. Elfrida and Nichole Simbari are her natural parents and joint guardians. The minor's father, Nicole Simbari, is not a party to this law suit.

4. On October 9, 1979 Elfrida Simbari, as trustee for Jennifer Simbari, signed a document purporting to be a contract for the purchase and sale of the real property. Pursuant to this document, Mrs. Simbari was the seller, and plaintiff, Leonard Sessa, was the buyer. Plaintiff paid a deposit of $25,000 at the time the contract was executed.

5. Elfrida Simbari did not deliver marketable title for the property to Leonard Sessa as required by the contract.

6. Elfrida Simbari intended to receive the legal title to the real estate in question as trustee for her daughter, Jennifer, the beneficiary; all of which has been negated by the operation of the Statute of Uses.

7. Elfrida Simbari, well educated, relies on legal counsel in the handling of her business affairs and her intention in

the creation of this trust for the benefit of her daughter, as found by this court, has been frustrated.

8. Elfrida Simbari, together with her husband, the natural parents of Jennifer Simbari, in an effort to honor Elfrida Simbari's contractual obligation to the plaintiff to effectuate a conveyance to him, initiated guardianship proceedings (Plaintiff's Exhibit No. 20) on December 6, 1979 in this court. Elfrida Simbari, upon learning of the restrictions and limitations which the court would impose pursuant to Florida law on the investments and reinvestments of the monies resulting from the sale of the real estate, elected to discontinue pursuance of the guardianship proceedings.

9. The value of the real estate in question was as follows on the material dates:

| DATE | EVENT | VALUE |
|------|-------|-------|
| 4/26/77 | Elfrida Simbari purchased the land | $150,000 |
| 10/9/79 | Elfrida Simbari executed contract to sell land | $250,000 |
| 2/29/80 | Letter evidencing willingness to proceed with guardianship (Pl.#6) to effect sale of land | $300,000 |
| 4/21/82 | Trial of this case. | $450,000 |

The ultimate issue in need of resolution relates to this court's authority to impress upon the *legal title* to the land in question, a resulting trust, in favor of Elfrida Simbari and then require her to specifically perform the contract she entered, or, if this cannot be accomplished, determine whether she is liable in damages for breach of contract, and, if so, to what extent. For the reasons expressed below, the court rules it is unable to create a resulting trust as to the *legal title* to the land in question, thereby precluding the award of specific performance which would be an impossibility, and Elfrida Simbari is liable for damages resulting from her breach of contract.

The resolution of this case deserves attention because of the sparsity of authority and pitfalls surrounding land conveyances arising from the passage of the Statute of Uses and remaining most viable in modern Florida jurisprudence as the result of the passage of F.S. 689.09 more commonly referred to by legal scholars as the Statute of Uses See Bogert; Trusts and Trustees, Second Edition, Section 5—Construction of Statute of Uses.

This entire litigation arose because of the wording in a warranty deed (Plaintiff's Exhibit No. 24 in evidence), between "Abraham Weiss and Virginia Weiss, his wife. . .grantor, and Elfrida Jane Kerbey Simbari, trustee for Jennifer Simbari. . .grantee. It is conceded by all, the operation of the Statute of Uses upon this deed passed title, both legal and equitable, to Jennifer Simbari, the thirteen year old daughter of Elfrida Simbari. See *McGriff v. McGill*, 62 So.2d 28, (Fla. 1951).

One can only wonder with utter amazement why, in Palm Beach County, Florida, the Year of Our Lord, One Thousand, Nine Hundred and Eighty-two, the court must concern itself with terminology such as FEOFFMENT, FEOFFOR, FEOFFEE, LIVERY OF SEISEN AND FEOFFMENT TO USES. The answer to this question lies not in the situs of the property in Camelot (Palm Beach, Florida), but rather, in the existence of the statute passed by the Legislature of the State of Florida and still in force, notwithstanding England abolished its statute in 1925.

A resulting trust may arise where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficiary interest in the property. It arises in favor of the person who transferred the property or caused it to be transferred under circumstances raising an inference that he intended to transfer to the other a bare legal title and not to give him the beneficial interest. It is generally accepted that a resulting trust will not arise upon a gratuitous conveyance if there is a recital of consideration, or a statement in the instrument of transfer, that the conveyance is made to the use of the transferee, as cases have held the recital of consideration or declaration of the use is sufficient to rebut not only a resulting use, but a resulting trust. See Scott on Trust; Volume V, Section 404.1 and Section 405. and *Frank V. Eeles*, 13 So.2d 216 (Fla. 1943).

Elfrida Simbari, not owning any land or interest therein, and the court being unable to place legal title in her, is precluded from granting all the counts in their various forms for specific performance, as specific performance of a contract for the sale of realty will not be decreed against a vendor who is unable to comply with the terms of his agreement. See *Con-Dev of Vero Beach, Inc. v. Casano*, 272 So.2d 203 (Fla. 4th DCA 1973).

During the course of the trial, the only witness to testify was Elfrida Simbari; all other evidence was documentary. As stated above, the court has found, by clear and convincing evidence, it was her intent to place the beneficial ownership of the land in question in her daughter, Jennifer. There is simply no evidence to the contrary and where an

instrument is written as one party understands it, and not as another party understands it, there is no ground for reformation.

The original grantors were not parties to the cause, nor testified and, although Jennifer was made a party to the cause, there was no testimony from her. To reform the deed as requested by plaintiff is to remove from it the words, "for Jennifer Simbari". Such removal would be contrary to the evidence, the purpose for which the deed and conveyance was made, and the law. See *Watkins v. DeAdamich*, 187 So.2d 369 (Fla. 2nd DCA 1966).

Elfrida Simbari, by making the decision not to pursue the guardianship for the reasons set forth above, has avoided the performance of her contractual relationship with Leonard Sessa. She finds herself in a similar position as Mr. Alexander did in the case of *Key v. Alexander*, 108 So. 884 (Fla. 1926), and she is liable for monetary damages for the return of the $25,000 down payment, but without interest because she did tender its return which was rejected by plaintiff, and the difference between the contract price to sell the land and its value on March 1, 1979, $50,000 plus 6% interest. See also, *Gassner v. Lockett*, 101 So.2d 33 (Fla. 1958).

As to the authorities cited by counsel for the defendant, Elfrida Simbari, approving provisions within contracts limiting the relief to which the parties are entitled, although good law, those cases do not apply to the facts of this case because the plaintiff/buyer was, by the contractual terms, granted certain options in the event the seller/defendant defaulted. It was Elfrida Simbari's conduct which eliminated the plaintiff's options; therefore, the disposition of this case is controlled by the decision of the Supreme Court in *Sperling v. Davie*, 41 So.2d 318 (Fla. 1949). It is thereupon,

ADJUDGED:

1. The various claims for relief for specific performance, reformation and the creation of a resultng trust by plaintiff, Leonard Sessa, as trustee, are denied.

2. The claim for damages by plaintiff, Leonard Sessa, as trustee, is granted and as trustee he recovers from defendant, Elfrida Jane Kerbey Simbari, individually the following sums: $25,000, and loss of bargain damages in amount of $50,000, together with $9,750, as 6% interest from March 1, 1979 to June 1, 1982, the date of this order, totaling $84,750, for all of which let execution issue.

3. The court retains jurisdiction of the parties and this cause for the fixing of attorney's fees and taxation of costs upon proper application and notice of hearing.