**L. E. CROSBY v. ORANGE STATE OIL COMPANY, a Florida Corporation.**

| | |
|---|---|
| 29 So. (2nd) 634 | January Term, 1947 |
| January 17, 1947 | En Banc |
| Rehearing denied January 31, 1947 | |

*Edwin T. Osteen,* for appellant.

*Gedney, Johnston & Lilienthal* and *Harry A. Johnston,* for appellee.

BUFORD, J.:

It is our view that the bill of complaint contained sufficient allegations to show grounds for relief in equity.

The lease contained conflicting provisions.

First, the lease provides:

"The lessee hereby covenants that if default be made in the payment of the rent as aforesaid as and when said rent shall fall due, or if the Lessee should violate any of the covenants of this lease, then said Lessee shall become a tenant at sufferance, hereby waiving all right of notice, and the Lessor shall be entitled immediately to re-enter and re-take possession of the demised premises. Among other things, insolvency or an act of bankruptcy shall be considered a breach of this lease by the Lessee and shall automatically terminate this lease.

"The Lessee further covenants that at the termination of this lease or of any renewal or extension thereof, through any cause whatsoever, the Lessee shall remove from said premises within two days thereafter all personal property of the Lessee that may be thereon, and in the event of the failure of the Lessee to remove the same, then the Lessor may remove any or all of the same at the expense of the Lessee and may also retain any or all gasolines, oils, greases and other petroleum products of the Lessee that may be on said premises, upon paying or tendering to the Lessee therefor the then prevailing price charged by the Lessor for like products to filling station operators. At the termination of this lease or of any renewal or extension hereof through any cause whatsoever, the Lessee shall quit and deliver up said premises and equipment in as good condition as they are now, reasonable wear and tear and damage from fire or the elements alone excepted.

"Should the buildings or equipment on said premises be destroyed or so damaged by fire or other casualty as to become untenable or unuseable, this lease, at the option of either party, shall cease and terminate instanter on the giving of written notice to the other party."

Then, in a subsequent paragraph, it provides:

"Each of the parties hereto hereby reserves the right to cancel and terminate this lease and any renewals or extensions hereof at any time, anything herein to the contrary notwithstanding, upon giving to the other party not less than ten days written notice of its intention to cancel and terminate."

Defendant moved to cancel the lease under the provisions of the last quoted paragraph.

The plaintiff in his bill seeks to enjoin the cancellation of the lease under this provision, alleging that such paragraph is contrary to the agreement for lease which he had with defendant's agent.

The bill alleges:

"3. That on November 23, 1945, the plaintiff purchased from J. E. Ingram the assets of said filling station for the sum of thirty-five hundred dollars ($3500.00); that at the time of the purchase of the said assets they inventoried at the price of two thousand dollars ($2,000.00), and an additional sum of fifteen hundred dollars ($1,500.00) was paid as a bonus and for the good will of said service station; and prior to the said purchase plaintiff advised the defendant through its agent and branch manager, L. F. Sherrwood, that plaintiff would not be interested in the purchase of said service station if plaintiff could be put out at the end of one year or sooner, at which time said agent and branch manager of the defendant advised plaintiff that he could have said service station for a period of five years or longer and hoped it would be longer; and at the time of said purchase plaintiff entered into an agreement with the defendant by and through its agent and branch manager, Sherrwood, to lease said station and the equipment for the storage and distribution of petroleum products on said premises for a period of five years and paying a rental of a sum equal to one cent (1¢) per gallon for each gallon of gasoline purchased by the plaintiff for sale or used upon said premises without any cancellation clause whatsoever, except for non-payment of rent.

"4. That at the time of the purchase of said assets from the said J. F. Ingram, the defendant, by and through its agent and branch manager, L. F. Sherrwood, knew that the plaintiff was paying the said Ingram fifteen hundred dollars ($1,500.00) over and above the said inventory price of said assets of said station.

"5. That plaintiff took possession of said service station on November 26, 1945, from the defendant and prior to the signing of the lease as hereinafter mentioned paid rent and

made improvements on said premises; that, about ten days after taking possession of said service station from the defendant, the defendant through its said agent, Sherrwood, delivered to plaintiff a lease between defendant and the plaintiff, the original of said lease is hereto attached to original bill of complaint and made a part hereof and marked plaintiff's Exhibit A; and at which time the said Sherrwood stated to plaintiff that said lease was a lease for the equipment as shown in said lease and was for a period of one year but would be automatically extended by its own terms for a period of four years. Relying on said statement and advice of the said Sherrwood and believing said lease contained the agreement of the parties as hereinbefore set forth, the plaintiff executed said lease (Exhibit A) without reading the same or being advised of any of its contents other than stated above.

"6. That at the time that plaintiff signed Exhibit A he did not know nor was he advised that said station lease contained the following paragraph, to-wit:

"Each of the parties hereto hereby reserves the right to cancel and terminate this lease and any renewals or extensions hereof at any time, anything herein to the contrary notwithstanding, upon giving to the other party not less than ten days' written notice of its intention to cancel and terminate.'

"That said paragraph does not contain the agreement of the parties as there was an agreement between the parties that the lease would not be cancelled except for the non-payment of rent and was inserted by the defendant through deceit, fraud or misrepresentation and wholly fails to express the agreement between the parties.

"7. That the plaintiff did not discover that the said station lease (Exhibit A) contained said paragraph until May 13, 1946, when the defendant, through its Secretary, advised plaintiff that defendant elected to cancel and terminate said station lease (Exhibit A) to become effective Saturday, May 25, 1946; that plaintiff immediately advised the defendant that he was unaware that said lease contained said quoted paragraph for the cancellation of said lease and advised the

defendant that the contents of said lease had been misrepresented to him and requested the defendant to withdraw its notice of cancellation, which defendant refused to do and demanded possession of said premises."

The effect of the provisions of this paragraph of the lease last quoted was to completely mullify that portion of the lease herein first quoted and to take away every assurance that plantinff had that his lease was to run for a period of years if he complied with the obligations on his part to be kept and performed; and, while he did not exercise the degree of care which should be exercised in such matters, his bill of complaint shows that he was in possession of demised premises under an agreement for a lease which would contain no such provision as that last quoted and he had no cause to suspect that such a clause would be found in the lease tendered to him for execution.

Under the facts alleged in the bill of complaint it would be inequitable for the defendant to enforce this paragraph of the lease.

The motion to dismiss admits all the facts well pleaded in the bill of complaint.

Therefore, the order and decree dismissing the bill of complaint be reversed and the cause remanded for further proceedings. See Hopkins v. Mills, 116 Fla. 550, 156 Sou. 532; Great A & P Tea Co. v. Engle Realty Co., 241 Ala. 236, 2 Sou. (2) 425.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.

THOMAS, C.J., BARNS, J., and HARRISON, Circuit Judge, dissent.