**ORANGE STATE OIL COMPANY, a Florida corporation, v. L. E. CROSBY.**

36 So. (2nd) 273 · January Term, 1948
July 9, 1948 En Banc

*Gedney, Johnston & Lilienthal* and *Hudson & Cason,* for appellant.

*Edwin T. Osteen* and *George M. Powell,* for appellee.

ADAMS, J.:

This case has been before us once. (158 Fla. 551, 29 So. (2nd) 634). We upheld the legal sufficiency of the bill. Thereafter the appellant answered. On motion certain parts of the answer were stricken. The case was then referred to a master who took testimony and made findings for the appellee and recommended a decree accordingly. The chancellor reviewed the evidence upon appellant's exceptions and entered a decree for appellee reforming the lease as prayed in the bill.

On this appeal the order striking parts of the answer is brought in question as well as the final decree on the merits. Most of the stricken parts of the answer set forth that the appellant's agent, Sherwood, was without authority to make any contract other than in the written form; that appellee had ample time to read and inform himself of the contents of the lease and also that the relief could not be granted because of the statute of frauds. Section 725.01, Fla. Stat., 1941, F.S.A.

Appellant relies on recent decisions, as well as many of the older ones, to the effect that a motion to strike may not be used to test the legal sufficiency of the answer. Robertson v. Dunne, 45 Fla. 553, 33 So. 530; Holzendorf v. Terrell, 52 Fla.

525, 42 So. 584; Schupler v. Eastern Mortgage Company, 160 Fla. 72, 33 So. (2nd) 586. Even though the attack was by motion we will not hold the error harmful so long as the stricken parts would not have altered the equities of the case and that is our view.

Assuming that Sherwood was not clothed with actual authority to make a lease, other than in the written form generally used by the company, the fact is that he was appellant's local manager who presumably possessed the usual powers and exercised the usual authority of managing such a business. Pursuant to the performance of his apparent authority, he placed appellee in possession of the filling station and caused him to invest considerable money which quite obviously would not have been done if the agent had correctly informed him of the written lease which would later be submitted to him. This part of the answer would not then constitute a bar to the relief sought. If it could be said that it might show an equity in mitigation of the relief sought it would have been harmful error but such is not the case.

The statute of frauds constitutes no bar to this case. This is a proceeding to reform a lease. The law of this case was settled when we approved the bill. Appellant placed appellee in possession of the premises and assured him that a five year lease would be given. Appellee relied on that assurance and invested money which he otherwise would not have done. Thereafter the formal lease was actually signed but its contents were not according to the terms under which appellee was put in possession. The circumstances surrounding the execution of the written lease is found in the evidence and a consideration of that leads to the final question of whether the bill was proven.

We have examined the testimony, the master's report, as did the chancellor, and find no reason to disturb the decree.

Affirmed.

CHAPMAN, SEBRING, BARNS and HOBSON, JJ., concur.

THOMAS, C. J., and TERRELL, J., dissent.