PER CURIAM.
Appellant Norman C. Purcell contracted with the appellee, one Leah Rothman, for the purchase of certain real estate owned by appellee. Alleging nonperformance by the seller, the appellant filed a suit in equity for specific performance, or for damages “in the event of her inability” to convey.
A motion to dismiss was denied. Answer was filed, disclosing incapacity of the seller (1) because she was married, and (2) because she had devested herself of the property.
The court granted a summary final decree on motion of the defendant. This amounted to a denial of specific performance, and a rejection of the plaintiff’s effort to recover damages, and the court’s decree was entered with prejudice.
The problem presented was whether the jurisdiction obtained over the non-resident defendant by substituted service in a suit filed for specific performance, could be used as a basis for obtaining a money judgment for damages against the non-resident.
In a proper case where specific performance is sought by a purchaser, and for some reason is not granted, the court may proceed to determine that there was a breach of contract on the part of the seller and award damages to the purchaser. It is not mandatory that the court do so. But instances where such recovery is allowed are those in which there are equities which appear to the court to be sufficient to prompt such exercise of jurisdiction. See Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 759.
*633 Thus, where a suit for specific performance is not brought in good faith, that is, when a purchaser as plaintiff suing for specific performance knows in advance that he is not entitled to specific performance; his suit will not be entertained as a vehicle or means for seeking a money judgment.in equity for breach of contract. In Pomeroy’s Equity Jurisprudence, Vol. 4, § 1410, p.,1058, it is said:
“When the impossibility of a specific performance is .disclosed at^the hearing, and the suit was brought by the plaintiff' in ignorance of such fact, the court will award the remedy of damages. If the vendor has disabled himself from performance after making the contract, and if the disability existed at the time of making the contract from a defect in his title, a court of equity will, in either of these cases, award damages to the vendee-plaintiff, provided he commenced his suit in good faith without any knowledge of the disability; but will not, in general, grant damages if the plaintiff was avrare of the disability at the time of bringing his suit.”
The chancellor was in a position to determine whether the plaintiff was sufficiently apprised of good reasons why specific performance was not available to him and whether the suit was filed knowing a decree for specific performance could not be granted, but as a device for obtaining jurisdiction for a money judgment based on substituted service against the non-resident seller.
Accordingly, the summary final decree by which the chancellor ruled that the plaintiff was not entitled to specific performance, aiid by which he denied the plaintiff’s application to entertain jurisdiction for money damages for breach of contract, is affirmed. However, to the' extent that the decree amounted to a denial of the claim for damages it should not have been with prejudice. It was-a jurisdictional question, rather than a determination on the merits of the rights of the parties, as to the claim of a breach of contract, and to that extent the cause is reversed, and remanded with directions to modify the decree accordingly.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and •HORTON and PEARSON, JJ., concur.