PEARSON, Judge.
The plaintiff in an action for specific performance appeals from a final decree which denied her prayer for such relief. In order for her to be successful in this appeal, she must clearly demonstrate that the chancellor abused his discretion in refusing specific performance. Our court, in this regard, has stated in Robinson v. University of Miami, Fla.App.1958, 100 So.2d 442, 444:
“The granting or withholding of a decree for specific performance is a matter within the sound judicial discretion of a court of equity, controlled by settled principles of law and equity applicable to the particular facts, and the discretion of the chancellor in re *891 fusing specific performance of such a contract will not be disturbed on appeal unless clearly erroneous.”
.See also Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404 and Perry v. Benson, Fla.App.1958, 107 So.2d 213. A review of the record in this case in the light of the briefs and oral argument reveals a substantial basis for the finding of the chancellor that specific performance should be denied •under the equities established.
Under an assignment of error directing the attention of this court to the final decree as being erroneous upon its face, it is argued that the trial court should not have dismissed the cause as to Thomas P. Hal-lock, Jr. It appears that the court had jurisdiction of said defendant, a nonresident of this state, by a general appearance. The chancellor specifically provided in his decree:
"That the plaintiff is not entitled to specific performance by the defendants or either of them, nor is the plaintiff entitled to other relief in this cause.”
However the chancellor also held:
“That this cause be and the same is hereby dismissed with prejudice; except that this decree shall be without prejudice to the right of the plaintiff to bring an action for damages against the defendant, Thomas P. Hallock, Jr.”
 These holdings by the chancellor are in conflict and should be reconciled. Cf. Purcell v. Rothman, Fla.App.1958, 99 So.2d 631, 632, which contains the following statement of the applicable rule of law:
“In a proper case where specific performance is sought by a purchaser, and for some reason is not granted, the court may proceed to determine that there was a breach of contract on the part of the seller and award damages to the purchaser. It is not mandatory that the court do so. But instances where such recovery is allowed are those in which there are equities which appear to the court to be sufficient to prompt such exercise of jurisdiction. See Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 759.”
Therefore the decree is affirmed as to the denial of specific performance, but the cause is remanded for further consideration of the equities involved and a determination of the propriety of entry of a judgment in this action for damages, if any, sustained by the plaintiff because of the alleged breach of contract by defendant, Thomas P. Hallock, Jr.
Affirmed in part and remanded for further proceedings not inconsistent with this opinion.
CARROLL, CHAS., C. J., and HORTON, J., concur.