200 So.2d 826 (1967)
Gerald KATCHER, Trustee, and Cecily Katcher, His Wife, et al., Appellants,
v.
The SANS SOUCI COMPANY, a Florida Corporation, Appellee.
No. 66-591.
District Court of Appeal of Florida. Third District.
July 5, 1967.
Rehearing Denied July 19, 1967.
*827 Weintraub & Weintraub, Miami, for appellants.
Daniel Neal Heller, Schwartz & Cohen, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
SWANN, Judge.
Defendants below appeal from a final decree which quieted title to a lot in Dade County, Florida, in favor of the Sans Souci Company, plaintiff below.
Defendants argue that the plaintiff should have been denied equitable relief because it came before the court with unclean hands. The application of this doctrine ordinarily rests in the sound discretion of the chancellor.[1] The chancellor here found the equities to be with the plaintiff and there has been no showing on appeal of a clear abuse of this discretion.
Error is next claimed because the chancellor did not give effect to an agreement for deed dated May 10, 1957 from a third party to the plaintiff, which the defendants claim granted to the subsequent purchasers of non-waterfront lots an easement of access across the lot to the water.
The agreement for deed provided that the fee simple title to the lot would be conveyed by the third party to the plaintiff and that plaintiff was acquiring the lot to provide access to the water for its non-waterfront lots and that the lot "may not be offered for sale for a period of three years." Defendants argue that this was an express easement to the subsequent purchasers of non-waterfront lots. The language used, *828 however, indicates that the easement, if any, was to last only for a period of three years, after which time the lot might be sold. Such temporary rights do not create an express permanent easement. See Burdine v. Sewell, 92 Fla. 375, 109 So. 648 (1926).
Defendants also claim error because the chancellor did not find that they had an easement by estoppel across the lot in dispute. They rely on Wise v. Quina, Fla.App. 1965, 174 So.2d 590, and Boothby v. Gulf Properties of Alabama, Fla. 1949, 40 So.2d 117. Both these cases involved a recorded plat describing the use for which the property in question was intended. No such plat was ever recorded herein.
The chancellor found that the defendants had not satisfied the legal standards necessary to create an oral easement (by estoppel). Section 725.01, Florida Statutes, F.S.A., provides in part:
"No action shall be brought * * * to charge * * * any * * * interest in or concerning [lands] * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
In Canell v. Arcola Housing Corp., Fla. 1953, 65 So.2d 849, the Supreme Court was faced with a complaint alleging breach of an oral promise concerning an easement in land. It stated at page 851:
* * * * * *
"* * * The plaintiffs are relying upon a mere oral promise to create the easement, which is clearly within the terms of the statute of frauds and thus cannot be enforced directly or indirectly. Section 725.01, Florida Statutes 1951, F.S.A. If the deeds to plaintiffs did not mention the easement in the description of lands and property rights conveyed, or refer to a plat reflecting same, compare McCorquodale v. Keyton, Fla., 63 So.2d 906, then to give any effect to oral promises in respect to other lands or rights therein would amount to an unauthorized reformation of the description in the deed. Browne, Statute of Frauds, 5th ed., sec. 441(c)."
* * * * * *
There were conflicting facts concerning the issue of an easement by estoppel which the chancellor resolved in favor of the plaintiffs. He cannot be reversed unless it is made to appear that his findings were clearly erroneous. This has not been done.
Defendants also say error was committed by the chancellor's ruling that this oral claim of an easement in land was barred by the Statute of Frauds. There is authority for the chancellor's ruling. Section 725.01, Florida Statutes, F.S.A.; Canell v. Arcola Housing Corp., supra; Williams v. Faile, Fla.App. 1960, 118 So.2d 599. The memoranda which defendants claim take this oral agreement outside of the Statute of Frauds consists of a printed sales brochure issued by a realtor to prospective purchasers of lots in the subdivision. It did not comply with the rule that the written memorandum must contain all the essential elements of the contract. Owen v. Yount, Fla.App. 1967, 198 So.2d 360; Williams v. Faile, supra; Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256 (1926); Swisher v. Conrad, 76 Fla. 644, 80 So. 564 (1919); Rhode v. Gallat, 70 Fla. 536, 70 So. 471 (1916).
Defendants' last point for reversal has been considered and is found to be without merit.
The final decree appealed is affirmed.
It is so ordered.
NOTES
[1] Faber v. Landman, Fla.App. 1960, 123 So.2d 405; 12 Fla.Jur. Equity § 58.