211 So.2d 584 (1968)
Platt A. LASSETER and Lora L. Lasseter, His Wife, Appellants,
v.
Maxwell DAUER, Appellee.
No. 68-364.
District Court of Appeal of Florida. Third District.
June 18, 1968.
Hendricks & Hendricks, Miami, for appellants.
Robert J. Lewison, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an interlocutory appeal by the defendants below from an order denying their motion to dismiss the complaint and from an order striking a portion of their answer.
The appellee filed a complaint against the appellants for specific performance of a contract for sale of certain real estate to him by the appellants. After the making of the contract and prior to the time of performance or closing, the sellers renounced the contract. Charging an anticipatory breach, the purchaser alleged he was ready, willing and able to perform and sought specific performance.
The determinative question is whether the contract attached to the complaint is one upon which specific performance may be granted. The appellant sellers contend the contract is not one which may be enforced by specific performance because it contains contradictory provisions on a material term (as to the time for performance) and for indefiniteness as to other material provisions. At one point the contract provides for "closing to be one year from date or sooner by mutual agreement." Elsewhere the contract provides that the seller shall furnish an abstract, etc. within 30 days from the date of the contract and that the closing shall be within 60 days after delivery of the abstract. The contract provides for payment of $16,400 at closing and that the balance of $42,600 should be paid in ten equal payments with interest at 6% per annum, to be paid within ten years from date of closing. No direct reference is made to the securing of such balance by a purchase money mortgage. There was, however, an indirect reference to a mortgage, from which it could be inferred that a mortgage was intended in connection with the deferred payments, where the contract stated: "Seller agrees to subordinate this mortgage to allow additional financing." *585 The contract contains no further language relating to the subordination or the financing contemplated. The nature or purpose of such financing, or the amount or limits thereof are not stated in the contract. Additionally, the contract states: "Contract subject to C-2 Hi-Rise zoning." From that provision it can not be determined which of the parties has the duty and expense of obtaining the required zoning for the property.
The provisions of such a contract, as to the time for performance, the method of making and securing deferred payments and the nature and extent of subordination thereof when provided for, as well as the obligations of the parties with respect to conditions of the contract and actions to be taken by the parties, should be clear, definite and certain, and so appear from the writing constituting the contract, the specific performance of which is sought. Florida Bank & Trust Co. at West Palm Beach v. Field, Fla., 25 So.2d 663; Rundel v. Gordon, 92 Fla. 1110, 111 So. 386, 389; La Mar v. Lechlider, 135 Fla. 703, 185 So. 833. In our view the contract in this case does not measure up to those requirements. Accordingly, we reverse the order denying the defendants' motion to dismiss, and remand the cause to the circuit court for consideration of award of damages if it is determined that defendants breached the contract. See Purcell v. Rothman, Fla.App. 1958, 99 So.2d 631, 632, and Bliss v. Hallock, Fla.App. 1959, 113 So.2d 889, 891. In the Purcell case the court said:
"In a proper case where specific performance is sought by a purchaser, and for some reason is not granted, the court may proceed to determine that there was a breach of contract on the part of the seller and award damages to the purchaser. It is not mandatory that the court do so. But instances where such recovery is allowed are those in which there are equities which appear to the court to be sufficient to prompt such exercise of jurisdiction. See Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 759."
This disposition of the cause makes it unnecessary to rule on the propriety of the order striking a portion of the answer of the defendants.
Reversed and remanded for further proceedings.