PER CURIAM.
The plaintiff below, Robert F. Hart, appeals from an order of the trial court which dismissed his complaint without leave to amend on the ground that the written document attached to the complaint was not subject to specific performance.
The plaintiff, Hart, sued the defendant, Freeman & Sons, Inc., a Florida corporation, and demanded judgment for specific *709 performance and for damages. He attached to his complaint the following writ-, ten document upon which he based his claim for specific performance:
“February 4th, 1969
Received of Mr. Robert F. Hart the sum of $5,000.00 as Binder on the Sale of Property located at:
4141 N. E. 2nd Avenue
Miami, Florida 33137
Terms of Sale
Total price $625,000.00. Balance in full at closing less the sum of $74,000.00 as the second mortgage, which will be paid as follows:
$25,000.00 at the closing of the second year
$25,000.00 at the closing of the third year
$25,000.00 at the closing of the fourth year
After the date of closing together with 6% interest.
Purchaser agrees to assume the First Mortgage now held by The Peoples First National Bank of Miami Shores with the balance to be paid to Freeman & Sons, Inc.
s/s/ E. H. Freeman_
E. H. Freeman, President
®r ©r Benjamin,' Exes? Vice Pfeoident-
s/s/ Robert F. Hart
Robert F. Hart”
The defendant corporation moved to dismiss the complaint for failure to state a cause of action and specifically set forth the grounds upon which it relied. After a hearing, the trial court entered the order of dismissal herein appealed.
In Rundel v. Gordon, 92 Fla. 1110, 111 So. 386 (1927) the Supreme Court held that the remedy of specific performance was granted of grace and rested in the discretion of the chancellor and that unless it clearly appeared he had erred in the decree he would not be reversed upon appeal. It further recognized that the contract should be definite and its enforcement practicable and equitable. See also Bliss v. Hallock, Fla.App.1959, 113 So.2d 889.
In Fla.Jur. Specific Performance § 40, it is reported:
‡ ifc »]« , sji
“In suits for specific performance, the requirement as to certainty of the contract, which must be satisfied before a decree of specific performance can be granted, extends not only to the subject matter of the agreement and its purpose, but also to the parties to the contract, the consideration therefor, and even the place and time of performance, and extends also to the terms of payment and duration of the agreement, as well as to the mutual promises and miscellaneous terms thereof, whenever these elements are essential. * * * ”
ífí ^ ^
We hold that under these authorities that there has been no clear showing *710 that the chancellor abused his discretion in refusing' specific performance of this written document. See also' Lasseter v. Dauer, Fla.App.1968, 211 So.2d 584.
We find, however, that the court erred in dismissing the complaint as to the alleged claim of damages.
The complaint alleged the payment of Five Thousand Dollars ($5,000.00) from Hart to the defendant “pursuant to the contract as attached” and sought damages. There is' no positive showing in the record on appeal that this money has been returned to the plaintiff. Plaintiff may be entitled to an award of damages ' or may be able to amend his complaint to state a cause of action for damages for breach of the written document. See Purcell v. Rothman, Fla.App.1958, 99 So.2d 631; Bliss v. Hallock, supra; and Lasseter v. Dauer, supra.
The order of dismissal is, therefore, affirmed insofar as it denied the remedy of specific performance, but the cause is remanded for further consideration as to the question of damages, if any.
Affirmed in part and remanded for further proceedings not inconsistent with this opinion.