PEARSON, Chief Judge.
The appellant, Richard J. Tumulty, was the defendant in an action brought by Nikola Severdija and Sylvia Severdija. The Severdijas sought specific performance of a deposit receipt contract for the sale of a residence, title to which was in the name of Richard J. Tumulty. The judgment ordered a sale upon terms not found in the deposit receipt contract. We reverse.
The deposit receipt contract which was attached to the complaint was handwritten with mark-overs and changes in the handwriting of the real estate agent. The proposed contract was mailed to the appellant, who was out of the state, and returned by him to the real estate agent. It is not clear from the testimony when the changes in the terms of the proposed sale were made by the agent. A portion of the deposit receipt attached to the complaint is reproduced below:

The amended final judgment granted specific performance and provided that the terms of the sale should be as follows:
if* ‡ % >{c % >|«
“(2) The defendant, RICHARD J. TUMULTY, shall forthwith deliver to *839 counsel for the plaintiffs a warranty-deed transferring the within property to the plaintiffs, pursuant to the deposit receipt agreement entered into between the parties.
“(3) That the second mortgage and note executed by plaintiffs to the defendant, RICHARD J. TUMULTY, in the sum of $7,800.00, payable at the rate of $50.00 per month, including eight percent per annum interest, is a legally enforceable contract binding upon the parties herein.
(4) That the plaintiffs are to pay the defendant, RICHARD J. TUMULTY, the sum of $600.00, representing the monthly payments of $50.00 for the months of June, 1968, through May, 1969, together with the additional sum of $480.00, which represents the amounts paid by the defendant on the first mortgage during the pendency of this suit, reduced by the sum of $300.00, representing the amount of the personal property in the premises which the Court found to be a part of the agreement between the parties, making a total due the defendant, RICHARD J. TUMULTY, by the plaintiffs in the sum of $780.00. That the said sum of $780.00 shall be paid to the defendant, RICHARD J. TUMULTY, out of the cash bond in the sum of- $1,000.00 heretofore deposited in the registry of the Court by the plaintiffs.”
In his answer the appellant alleged the contract was so uncertain, vague, and conflicting in its terms that it did not constitute an enforceable contract. In support of that position the appellant introduced a copy of second deposit receipt which was also signed by the parties but apparently was not delivered after appellant’s signature. The copy of the second deposit receipt differed from the deposit receipt upon which the appellee brought suit in that it provided for payments upon the second mortgage of “fifty dollars monthly including interest” but .did not provide that the property would be sold furnished. The appellant testified that he intended to sell the property as a furnished dwelling but intended to retain some of the furnishings. In addition the evidence shows that the real estate broker had placed the appellees in possession of the residence.
The court took testimony and ruled that the payments should be $50 per month and that some of the furnishings should be included. By this decision the court determined that the payment of $70 per month upon the second mortgage as provided in the plaintiff’s deposit receipt was improper and that the payment should be as provided in the undelivered deposit receipt, that is, $50 a month including interest. This portion of the decision leaves the appellant in the position of collecting only $600 principal and interest a year upon a mortgage and note for $7800 at eight percent. The interest alone would be $624 a year. Thus the debt would never be paid off.
We think appellant’s point that the contract was too indefinite for specific performance is well taken. Compare the contract sued upon in the present case with that in Hart v. Freeman & Sons, Inc., Fla.App.1969, 226 So.2d 708. We conclude from the record that the trial court made a contract for the parties which he considered an equitable arrangement and then specifically enforced that contract. The rule in Florida is settled that in a suit for specific performance of an alleged contract for the sale of real property, a plaintiff must do more than prove by a preponderance of the evidence that he is entitled to some relief. He must prove the contract as alleged in his complaint by competent and satisfactory proof which must be clear, definite and certain. Miller v. Murray, Fla. 1953, 68 So.2d 594, 596; Lasseter v. Dauer, Fla.App.1968, 211 So.2d 584. The court will not make a new or different contract for the parties. Giehler v. Ward, Fla. 1955, 77 So.2d 452; Fincher v. Belk-Sawyer Company, Fla.App. 1961, 127 So.2d 130. Specific performance will riot be enforced when the contract is *840 not definite and certain as to essential terms and conditions and is incapable of being made so by the aid of legal presumptions or evidence of established customs. Daubmyre v. Hunter, 86 Fla. 326, 98 So. 69 (1923).
We note that the complaint included a prayer for damages. Inasmuch as the trial court has determined that there was a contract between the parties, he may determine upon remand that the appellee has an action for damages. We do not preclude that possibility in our remand. See Purcell v. Rothman, Fla.App.1958, 99 So.2d 631; Lasseter v. Dauer, above, Fla.App. 1968, 211 So.2d 584; Hart v. Freeman & Sons, Inc., Fla.App. 1969, 226 So.2d 708, above.
The judgment is reversed and the cause remanded with directions to enter an order denying the remedy of specific performance and for such further proceeding upon the issue of damages as the trial court shall find proper.
Reversed and remanded with directions.