313 So.2d 70 (1975)
Anthony GENNARO, Appellant,
v.
Paul A. LEEPER, Appellee.
No. 74-64.
District Court of Appeal of Florida, Second District.
May 14, 1975.
John W. Puffer, III, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
Richard H. Wilson, Tampa, and Harold B. Stephens, Crystal River, for appellee.
HOBSON, Acting Chief Judge.
Appellant filed his fifth amended complaint in five counts. The first count was for the reformation of a contract to purchase real property and if successful in reforming the contract, for specific performance of said contract as reformed. Count II sought damages in addition to reformation and specific performance. Count III sought damages for breach of contract if he were unsuccessful under Count I. Count IV sought damages under the doctrine of promissory estoppel. The trial court dismissed Counts I through IV with prejudice.
Appellee relies heavily on the case of Lasseter v. Dauer, Fla.App.3d 1968, 211 So.2d 584. The reliance by appellee upon Lasseter, supra, is misplaced because Lasseter dealt with specific performance of a contract for sale of real property, whereas this cause in the first instance seeks reformation of the contract.
In ruling on a motion to dismiss we must accept as true all facts well-pled and all reasonable inferences arising therefrom. The essential allegations for reformation as set forth in the complaint are as follows:
"2. On October 13, 1964, Defendant entered into an Agreement for Deed *71 with Roux H. Smith and Catherine A. Smith, a copy of which is attached hereto as Exhibit `A', and incorporated herein by reference as if set forth at length, to purchase the following described real property, to wit:
(description omitted)
Defendant took possession on or about said date, and upon information and belief remains in possession on this date.
"3. On May 13, 1970, Defendant gave Plaintiff a written option to purchase, a copy of which is attached hereto as Exhibit `B' and incorporated herein by reference as if set forth at length, for the following described real estate:
(description omitted)
In consideration for said option for purchase, Plaintiff paid to Defendant the sum of $500.00.
"4. The option sets forth all the essential terms of the contract for purchase, including reference to parties, terms and method of financing by reference as follows: `Mortgage to be given by Seller'.
"5. Immediately previous to the formal execution of the option described in Paragraph 3 above, Plaintiff was fully informed by the Defendant of the terms of the Agreement for Deed described in Paragraph 2 above, and Plaintiff was informed by the Defendant of the amount then owed by the Defendant undersaid Agreement for Deed, but Defendant misdescribed said Agreement for Deed as a `mortgage' to plaintiff.
"6. As part of the option agreement between the Plaintiff and Defendant it was agreed and understood by both parties that the Plaintiff would upon exercise of option, assume the rights and be subject to the obligations of Defendant under said Agreement for Deed as part of the purchase price. In reduction of the oral agreement to the written form of option described in Paragraph 3 above, it was intended and understood by both Plaintiff and Defendant that the words `Mortgage to be given by Seller' should provide for assumption of the rights and obligations under the Agreement for Deed of Defendant described in Paragraph 2 above.
"7. The words `Mortgage to be given by Seller' were drafted by the scrivener, Francis R. Ryan, then employed by Rolling Oaks Development Corporation, in an attempt to implement the aforestated intention and understanding of the Plaintiff and Defendant for assumption of Defendant's rights and obligations under the Agreement for Deed described in Paragraph 2 above.
* * * * * *
"12. Up until the Defendant's Motion to Dismiss in this action, Plaintiff was not aware of any asserted ambiguity of reference in the terms `Mortgage to be given by Seller', and Plaintiff had relied on the skill of the scrivener. In Defendant's Motion to Dismiss Plaintiff's original and subsequent amended complaints, Defendant has asserted that the Agreement between Plaintiff and Defendant is unenforceable because it fails to comply with the Statute of Frauds in that the words are too indefinite with regard to terms of financing. Defendant does not deny, and indeed has admitted in his deposition that under the option agreement orally agreed to and as mutually intended to be incorporated in the written execution of said oral agreement, the Plaintiff herein as part of the purchase price would assume Defendant's rights and obligations under the Agreement for Deed described in Paragraph 2 above."
The law of reformation as set forth in Jacobs v. Parodi, 1905, 50 Fla. 541, 39 So. 833, has been followed down through the years. In Jacobs, the court stated:
"Where an agreement has been actually entered into, but the contract, deed, or other instrument in its written form does not express what was really intended by *72 the parties thereto, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement, and understanding of all the parties. (Cites omitted)
"Where parties have made an agreement, and the scrivener by mistake failed to express it in apt words and terms, equity will reform the writing to make it conform to the agreement previously entered into between the parties. (Cite omitted)
"The bill sufficiently states the agreement of the parties, and alleges the mistake of the scrivener in omitting to fully or sufficiently set forth the agreement in the deed, and that complainants executed the deed in the belief that it did amply set forth the agreement of the parties as to the extent of the improvements mentioned, when in reality the deed does not contain such agreement, and states the injury to the complainants."
Count I of appellant's complaint sufficiently alleges the essential elements required by Jacobs, supra, and therefore, the trial court erred in dismissing said count.
It may well be true that if appellant is successful in reforming the contract the trial court might find that even with the reformation the contract is not subject to specific performance. However, we cannot determine from the record whether or not this question was ruled upon by the trial court. In addition to this, even though the reformed contract might not be subject to specific performance, the appellant might be entitled to damages if it is determined that appellee breached the contract. In Purcell v. Rothman, Fla.App.3d 1958, 99 So.2d 631, cited with approval in Lasseter, supra, it was held:
"In a proper case where specific performance is sought by a purchaser, and for some reason is not granted, the court may proceed to determine that there was a breach of contract on the part of the seller and award damages to the purchaser. It is not mandatory that the court do so. But instances where such recovery is allowed are those in which there are equities which appear to the court to be sufficient to prompt such exercise of jurisdiction. See Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 759."
It is also the law that the statute of frauds does not constitute a bar in a proceeding seeking reformation. Orange State Oil Co. v. Crosby, 1948, 160 Fla. 664, 36 So.2d 273.
Under certain exceptional circumstances a plaintiff might be entitled to both specific performance and damages. In the event the appellant is successful under Count I it would be a question for the trial court to determine whether or not he would also be entitled to damages.
The trial court was correct in dismissing Count IV, seeking damages under the doctrine of promissory estoppel, on the authority of Southeastern Sales & Service Co. v. T.T. Watson, Inc., Fla.App.2d 1965, 172 So.2d 239.
For the foregoing reasons the portion of the order dismissing Counts I, II and III is reversed and that portion of the order dismissing Count IV is affirmed.
Affirmed in part, reversed in part and remanded for further proceedings.
BOARDMAN and GRIMES, JJ., concur.