RYDER, Judge.
Calvin and Rosalie Miley appeal the summary judgment entered on Thelma Miley’s complaint for specific performance of a contract to sell real estate. We hold that the trial court erred in dismissing appellants’ counterclaim for reformation and we reverse.
Appellee’s complaint alleged an agreement for deed whereby appellants agreed to convey the property to appellee and Larry Miley. Appellee agreed to pay off a mortgage on the property. Appellee complied, *558 and appellants refused to convey it. Appellants’ amended counterclaim alleged that the agreement required an additional consideration of $1,000.00, an easement for access to a well on the property, and a right to repurchase the property should appellee elect to sell. The counterclaim noted that appellants permitted appellee and Larry Miley to occupy the property without payment of the $1,000.00 because Larry and Calvin Miley are brothers. Appellants alleged that two years later, they had a realtor draw up the agreement for deed. The written agreement omitted the terms outlined in the counterclaim through a mutual mistake or scrivener's error. The counterclaim requested reformation of the written contract to the terms stated.
Appellee moved to dismiss the counterclaim, arguing that the additional consideration was barred by the statute of frauds, section 725.01, Florida Statutes (1979). Ap-pellee alleged that the oral promise to create an easement was similarly barred under Katcher v. Sans Souci Co., 200 So.2d 826 (Fla.3d DCA 1967). Appellee further alleged that the court could not consider parol evidence without clear evidence of mutual mistake or fraud. The court below granted the motion to dismiss the counterclaim, and appellants, although not agreeing to the merits, stipulated to summary judgment on the remaining issues.
We hold that the grounds asserted were inadequate to require dismissal of the counterclaim. The statute of frauds is not a bar to reformation of a land contract. Genarro v. Leeper, 313 So.2d 70 (Fla.2d DCA 1970). Katcher v. Sans Souci Co., supra, is not to the contrary, as it dealt with an attempt to place an easement on land without an underlying written memorandum to reform. We also do not think the parol evidence rule has application where mutual mistake is alleged. Otherwise, reformation would not be an available remedy under any circumstance. See Genarro v. Leeper, supra.
Below, appellants pled in their counterclaim all the necessary elements for reformation of the agreement for deed. See Jacobs v. Parodi, 50 Fla. 541, 39 So. 833 (1905); Genarro v. Leeper, supra.
The order dismissing the counterclaim is REVERSED and the case REMANDED for further proceedings.
BOARDMAN, A.C.J., and DANAHY, J., concur.