422 So.2d 963 (1982)
Virgil R. STEFFENS, Appellant,
v.
Juliette A. STEFFENS, Appellee.
No. 81-2073.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Rehearing Denied December 16, 1982.
J. Stockton Bryan, Stuart, for appellant.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, and Wackeen & DeBerard, P.A., Stuart, for appellee.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
The final judgment from which this appeal has been taken dissolved the marriage and, pursuant to the provisions of an antenuptial agreement which the appellee wife sought to have enforced, awarded the wife lump sum and periodic rehabilitative alimony. She was also awarded certain personal property and attorneys' fees. Appellant husband contends that the court erred (1) in refusing to admit proffered evidence in support of the husband's counter-petition for reformation of the rehabilitative alimony provision of the agreement, and (2) in awarding relief to the wife not provided for her in the agreement. Appellant's first point is well taken, requiring us to reverse *964 that part of the judgment awarding rehabilitative alimony and remand for further proceedings.
The counter-petition for reformation of the agreement was based upon an alleged mutual mistake of the parties because of a scrivener's error. The wife denied that there had been a mutual mistake.[1] The proffered testimony (the credibility of which we do not assess) tended to prove that due to typographical or clerical error, certain limiting language, intended by the parties and approved by them in preliminary drafts, had been inadvertently omitted from the final draft of the agreement. When an instrument is drawn and executed which is intended to carry into execution an agreement but which by mistake of the draftsman violates or does not fulfill that intention, equity will reform the instrument so as to conform to the intent of the parties. Relief should be given where, through a mistake of the scrivener, the instrument contains a clerical error or fails to define the terms as agreed on by the parties. Jacobs v. Parodi, 50 Fla. 541, 39 So. 833 (1905); Gennaro v. Leeper, 313 So.2d 70 (Fla. 2d DCA 1975). It was harmful error for the trial court to have excluded from evidence the proffered testimony relevant to the issue made in the counter-petition for reformation.
We also note that in the final judgment, the trial court stated that it had the authority to modify the alimony provisions of the antenuptial agreement, a position advanced by appellee before this court. While the trial court does have such authority, granted by Section 61.14, Florida Statutes (1981), it is conditioned upon a showing that "the circumstances or the financial ability of either party has changed ... since the execution of such agreement... ." When a court relies on this statutory authority, it should make a finding of a change of circumstances or financial ability, supported by the record. While the final judgment does not contain such a finding, we do not preclude, upon remand and further proceedings, a finding in this respect if appropriate.
The other relief granted to the wife by the final judgment has not been shown to have been precluded by the antenuptial agreement nor to have been an abuse of the trial court's discretion, and thus, in all other respects the judgment is affirmed.
Affirmed in part, Reversed in part, and Remanded for further proceedings to determine the issue made by the counter-petition for reformation and by supplemental judgment to award to appellee wife rehabilitative alimony in such amount and form (i.e., lump sum, periodic or both) as the court in its discretion may deem proper consistent with the antenuptial agreement of the parties.
GLICKSTEIN and HURLEY, JJ., concur.
NOTES
[1] While the record is not entirely clear as to the basis upon which the trial court refused to admit the proffered evidence, it appears that the court felt, that as a matter of law, there could be no mutual mistake absent agreement by both parties that, in fact, there had been a mutual mistake. Clearly, the issue of mutual mistake arises only when alleged by one party and denied by the other. Agreement on the matter would eliminate it as an issue to be tried.