LEHAN, Judge.
This case involves whether a deed to a condominium unit should be reformed to delete its reference to a specific parking space which was included in the legal description when the unit was sold by the appellants (hereinafter “sellers”) to the ap-pellees (hereinafter “buyers”). The trial court denied sellers’ request for reformation. We reverse.
The sellers owned two condominium units in the condominium project. One unit which the sellers were retaining had assigned to it an uncovered parking space. There was also an additional uncovered space leased to the sellers for that unit. The other unit owned by the sellers, the unit involved in this suit, had a covered parking space assigned to it, that assignment having existed from the time the sellers purchased that unit.
The trial court found that neither the sellers nor the buyers contemplated that the covered space would be transferred with the unit. The trial court also found that it was the intention of the sellers to transfer one of the uncovered spaces from the unit the sellers were retaining to the unit they were selling to the buyers.
*665 The legal description in the contract for the unit’s sale did not include any mention of a parking space. Nonetheless, in preparing the deed the title company included the legal description from the deed by which the sellers had purchased the unit, which did refer to the covered parking space. The error was not discovered until several days after the closing.
When the sellers continued to claim an interest in the covered parking space, the buyers filed suit to enjoin the sellers from using the space. The sellers counterclaimed, seeking to reform the deed to remove the description of the covered parking space.
Although, as noted above, the trial court found that the parties had not intended to convey the covered parking space, the court concluded that the error was not of the type which would justify reformation of the deed. Accordingly, the court denied the sellers’ counterclaim and granted the injunction sought by the buyers.
The finding that the parties did not intend to include the description of the covered parking space in the deed was not erroneous. That description appears to have been included as a result of a scrivener’s error. To reflect the true intentions of the parties, the deed should be reformed by the deletion of the reference to that parking space. See Jacobs v. Parodi, 50 Fla. 541, 39 So. 833 (1905); Brown v. Brown, 501 So.2d 24, 26-27 (Fla. 5th DCA 1986); Gennaro v. Leeper, 313 So.2d 70, 72 (Fla. 2d DCA 1975). That reformation will place the parties in the position for which they contracted, and the legal description in the deed will correspond to the legal description in the contract.
We say nothing further as to what parking space is to be assigned to the unit purchased by the buyers. There is a “parking corporation” associated with the condominium project which appears to control the assignment of parking spaces. That corporation is not a party to this suit. Also, it has not been established that the matter of assigning to the purchased unit a parking space not inconsistent with the parties’ intentions cannot be resolved through the parking corporation. We would expect and hope that it can be.
Reversed and remanded for proceedings not inconsistent herewith.
CAMPBELL, A.C.J., and PARKER, J., concur.