819 So.2d 971 (2002)
DR LAKES INC., a Florida corporation, and Joseph M. Della Ratta, Appellants,
v.
BRANDSMART U.S.A. OF WEST PALM BEACH, a Florida corporation, Appellee.
No. 4D01-2388.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
*972 David P. Ackerman of Ackerman, Link & Sartory, P.A., West Palm Beach, for appellants.
Lucinda A. Hofman of Holland & Knight LLP, Fort Lauderdale, for appellee.
KLEIN, J.
This appeal arises out of a suit for specific performance in which the parties, after mediation, settled. Appellant seller, DR Lakes, Inc., claimed the settlement agreement contained a $600,000 clerical error and sought relief in a motion to enforce settlement. The trial court ruled that the statutory mediation privilege of confidentiality precluded evidence as to what occurred in mediation, leaving seller without the means to prove that there had been such an error. Seller appeals, and we reverse, holding that the privilege does not apply in this case.
The original agreement provided that the purchase price for this property, where Brandsmart USA is now located in West Palm Beach, would be determined by multiplying eight dollars times the number of square feet of property. The buyer, however, was to receive a $600,000 credit to defray the expense of constructing a road necessary for the development of the property. With this credit the purchase price was about $5.5 million.
*973 Before the transaction closed, a dispute arose, and buyer sued for specific performance and damages. Following court ordered mediation the parties entered into a settlement agreement which differed from the original contract by obligating the seller, in the event the road could be built in two phases, to construct the first phase.
In its motion to enforce the settlement agreement, seller alleged that there was a clerical error in the purchase price. More specifically, the parties had agreed in mediation that the buyer would no longer be entitled to a $600,000 reduction from the per square foot price because the obligation to build the road had been shifted from the buyer to the seller. The purchase price reflected in the mediation agreement and subsequently prepared closing statement, because of a clerical error, did not credit the seller with that $600,000.
At the evidentiary hearing on the motion to enforce settlement, buyer objected to any testimony as to what occurred at the mediation hearing based on section 44.102(3), Florida Statutes (2001), which provides:
Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding. All oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119 [public meeting and record requirements] and shall be confidential and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise.
The trial court agreed with the buyer that the statute precluded any evidence as to what occurred during mediation, which left seller unable to prove the clerical error.
The seller advances two arguments on appeal: (1) that the statutory privilege should not be applied under these circumstances, or (2) the buyer waived the privilege when its counsel discussed what occurred during mediation in opening statement at the hearing on the motion to enforce settlement. We reject the waiver argument because this was merely opening statement in a nonjury case which was a response to seller's opening statement, prior to the court ruling on the privilege issue.
Although there are cases holding that the statutory privilege applies where the issue is whether an oral agreement was reached in mediation,[1] there are no cases addressing whether the privilege applies where there has been a mutual mistake in a settlement agreement. Seller argues that we have carved out an exception to the privilege in Vitakis-Valchine v. Valchine, 793 So.2d 1094 (Fla. 4th DCA 2001), in which we held that duress imposed by a mediator on a party signing a mediation settlement agreement could be a ground for setting aside the agreement. In that case, however, although we acknowledged the confidentiality privilege, our opinion does not reflect that it was raised.
The reason for confidentiality as to statements made during mediation where a settlement agreement is not reached is *974 obvious. Mediation could not take place if litigants had to worry about admissions against interest being offered into evidence at trial, if a settlement was not reached. Once the parties in mediation have signed an agreement, however, the reasons for confidentiality are not as compelling. There is, of course, no confidentiality as to "an executed settlement agreement." § 44.102(3).
Seller acknowledges that the statute is not ambiguous, but contends that it would be absurd to apply it here. Seller asks:
What if, for example, a $5,000 settlement is reduced to writing as $5,000,000? Could not a court look to what occurred during the mediation to resolve that mistake?
It is well-established in Florida that statutes, even where clear, should not be interpreted to produce absurd results. As our supreme court explained in Holly v. Auld, 450 So.2d 217, 219 (Fla.1984):
[A] literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion. Johnson v. Presbyterian Homes of Synod of Florida, Inc., 239 So.2d 256 (Fla.1970). Such a departure from the letter of the statute, however, "is sanctioned by the courts only when there are cogent reasons for believing that the letter [of the law] does not accurately disclose the [legislative] intent." State ex rel. Hanbury v. Tunnicliffe, 98 Fla. 731, 735, 124 So. 279, 281 (1929).
This principle was applied in Amente v. Newman, 653 So.2d 1030 (Fla.1995)(discovery statute); State v. Iacovone, 660 So.2d 1371 (Fla.1995)(sentencing statute); and Scudder v. Greenbrier C. Condo. Ass'n, 663 So.2d 1362 (Fla. 4th DCA 1995)(condominium statute).
We agree with the seller that this principle should be applied here. After all, the "right to go to court to resolve our disputes is one of our fundamental rights." Psychiatric Assocs. v. Siegel, 610 So.2d 419, 424 (Fla.1992)(construing Article I, Section 21 of the Florida Constitution). We cannot imagine that the legislature intended that a party to a contract reached after mediation should not have the same access to the courts to correct a $600,000 mutual mistake, as a party entering into the same contract outside of mediation. We therefore hold that the privilege does not bar evidence as to what occurred at mediation under the facts in this case.
On remand, in order to be entitled to relief, seller will have to establish that this clerical error was a mutual mistake,[2] as described in Steffens v. Steffens, 422 So.2d 963 (Fla. 4th DCA 1982):
When an instrument is drawn and executed which is intended to carry into execution an agreement but which by mistake of the draftsman violates or does not fulfill that intention, equity will reform the instrument so as to conform to the intent of the parties. Relief should be given where, through a mistake of the scrivener, the instrument contains an clerical error or fails to define the terms as agreed on by the parties. Jacobs v. Parodi, 50 Fla. 541, 39 So. 833 (1905); Gennaro v. Leeper, 313 So.2d 70 (Fla. 2d DCA 1975).
Although it may be difficult for seller to prove that this mistake was mutual, given the position of the buyer, seller should still *975 have the opportunity to put on all of its evidence. We therefore reverse.
WARNER and MAY, JJ., concur.
NOTES
[1] Cohen v. Cohen, 609 So.2d 785 (Fla. 4th DCA 1992)(oral agreement reached during mediation inadmissable as privileged unless it has been reduced to writing); Hudson v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992)(confidentiality of the negotiations inviolate until a written agreement is executed by the parties); Gordon v. Royal Caribbean Cruises Ltd., 641 So.2d 515 (Fla. 3d DCA 1994); Royal Caribbean Corp. v. Modesto, 614 So.2d 517 (Fla. 3d DCA 1992).
[2] Seller cannot obtain relief if this is a unilateral mistake because of the change in position of the parties resulting from the closing of the transaction. Md. Cas. Co. v. Kransnek, 174 So.2d 541 (Fla.1965)(relief for a unilateral mistake is not available if the opposing party's position has been so changed in reliance on the contract that it would be unconscionable to order rescission).