901 So.2d 1004 (2005)
BRANDSMART U.S.A. OF WEST PALM BEACH, INC., Appellant,
v.
DR LAKES, INC., a Florida corporation, and Joseph M. Della Ratta, Appellees.
No. 4D03-4907.
District Court of Appeal of Florida, Fourth District.
May 18, 2005.
*1005 Robert H. Schwartz and Alain E. Boileau of Adorno & Yoss, P.A., Fort Lauderdale, for appellant.
F. Martin Perry of Perry & Taylor, P.A., Palm Beach Gardens for appellee DR Lakes, Inc., a Florida corporation.
GROSS, J.
This appeal arises out of a suit for specific performance. After mediation, the parties settled. The seller, appellee DR Lakes, Inc., moved to enforce the settlement agreement. Central to the motion was the seller's claim that there was a clerical error in the purchase price that failed to recognize the parties' mediation agreement that the buyer, appellant BrandsMart U.S.A., would not be entitled to a $600,000 reduction in the purchase price.
In an earlier appeal of this case, we held that the settlement privilege contained in section 44.102(3), Florida Statutes (2001), did not apply to a case where the issue was whether there had been a mutual mistake in a settlement agreement. See DR Lakes, Inc. v. Brandsmart U.S.A. of West Palm Beach, 819 So.2d 971 (Fla. 4th DCA 2002). We remanded the case for trial on the issue of mutual mistake. We observed that while it might "be difficult for seller to prove that this mistake was mutual, given the position of the buyer, seller should still have the opportunity to put on all of its evidence." Id. at 974-75.
On remand, the circuit court presided over a non-jury trial, where each side presented conflicting evidence of what occurred during mediation. Generally, the seller's fact witnesses testified that the parties agreed during mediation to accept the seller's promise to conduct certain road construction, "in lieu of" a $600,000 credit, which increased the purchase price to about $6.1 million; the buyer's witnesses claimed that the parties never agreed to waive the $600,000 contribution, and the purchase price remained at about $5.5 million.
The circuit judge ruled in favor of the seller:
Though the evidence was disputed, the Court finds that DR Lakes showed by clear and convincing evidence that the parties agreed that it would receive credit for its $600,000.00 contribution to the construction of Executive Center Drive in return for its assumption of the Phase I construction obligation. That agreement was implicit in the incorporation of section 2.1 of the Purchase Agreement into the Stipulation, which noted that the purchase price gave BrandsMart a $600,000 credit towards the road construction, read in juxtaposition with the new requirement that DR Lakes construct or pay for construction of the road. To the extent the Stipulation was not explicit on that point, it represented a scrivener's error in memorialization of the parties' agreement.
The parties agree on the law of mutual mistake. "`A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument.'" USAA Cas. Ins. Co. v. Threadgill, 729 So.2d 476, 478 (Fla. 4th DCA 1999) (quoting Providence Square Ass'n v. Biancardi, 507 So.2d 1366, 1369 (Fla.1987)). "A mistake is mutual when the parties agree to one thing and *1006 then, due to either a scrivener's error or inadvertence, express something different in the written instrument." Circle Mortgage Corp. v. Kline, 645 So.2d 75, 78 (Fla. 4th DCA 1994). Due to the strong presumption that a written agreement accurately expresses the parties' intent, the party seeking reformation based on a mutual mistake must prove its case by clear and convincing evidence. See Resort of Indian Spring, Inc. v. Indian Spring Country Club, Inc., 747 So.2d 974, 976-77 (Fla. 4th DCA 1999).
The buyer argues that the trial court's findings of fact were not supported by competent substantial evidence. However, the seller's witnesses testified to a version of the mediation agreement that supported the trial court's ruling. The weight to be given to the testimony turned on the credibility of the witnesses, a matter exclusively within the province of the trial court. See, e.g., id. at 977.
The parties' conflicting stories at trial do not preclude a finding that a mutual mistake was established by clear and convincing evidence. In litigation, "the issue of mutual mistake arises only when alleged by one party and denied by the other. Agreement on the matter would eliminate it as an issue to be tried." Steffens v. Steffens, 422 So.2d 963, 964 n. 1 (Fla. 4th DCA 1982) (emphasis in original).
Affirmed.
STEVENSON and SHAHOOD, JJ., concur.